## MAY *vs.* DIAZ.

[ACTION OF COVENANT.]

1. *Action of covenant; pleading.*—Where a trial by jury is had "on issue joined," in an action of covenant, and the record fails to show what plea, if any, was interposed to the action, the appellate court will not presume that any special plea was pleaded, when such presumption would, or might result in a reversal of the case.

2. *Rent; what will not defeat recovery of.*—The taking possession of rented premises, by the lessor after the accrual of weekly installments, will not defeat the right to recover for such installments.

APPEAL from the City Court of Montgomery.
Tried before the HON. T. M. ARRINGTON.

THIS was an action of covenant, brought by the appellee against the appellant, and was commenced on the 13th January, 1866. The plaintiff set out in his complaint the bond, the foundation of the suit, which was signed by the defendant, and also by F. M. Bates and T. U. Tidmarsh, in which the obligors bound themselves to the plaintiff, in the sum of $4,000, with condition as follows: "That whereas,

the above bound F. M. Bates and T. U. Tidmarsh, have on
the day of the date hereof, entered into an agreement with
J. A. Diaz, by which the said Diaz has this day rented to
the said F. M. Bates and T. U. Tidmarsh, that portion of
the building, erected on the southwest corner of Perry and
Monroe streets, known as the Montgomery Theatre, for the
term of fifteen weeks, with the privilege of holding, for
twenty-five weeks, commencing on the 18th day of Sep-
tember next, and for which the said F. M. Bates and T. U.
Tidmarsh are to pay the said J. A. Diaz, the sum of $225
per week, the payments to commence on Monday, the 26th
day of September, A. D. 1865, and on every Monday
thereafter, until the expiration of said term of fifteen or
twenty-five weeks : Now, if the said F. M. Bates and T. U.
Tidmarsh shall comply with the requisitions of the above
agreement and make the payment as herein provided, then
this obligation to be void, otherwise" &c.   The breach as-
signed was, "that the said F. M. Bates and T. U. Tidmarsh
have not, nor have either of them or any other person, paid
to the plaintiff the said sums of money provided to be
paid thereby, or any or either of them, or any part thereof,
although they held, or occupied the premises mentioned
therein, under the agreement set out in the condition of
said bond, for the full term of fifteen weeks, to the dam-
age," &c.   As the bill of exceptions states, "the proof showed
that said Bates and Tidmarsh took possession under said
lease ; that on or about the 5th day of October, 1865, the
defendant being in New York, they, the said Bates and
Tidmarsh, dissolved their copartnership by agreement, in
writing, which has been lost; that said agreement recited
that said Tidmarsh withdrew, and that said Bates would
carry on the business, and was signed by them, and also
by plaintiff, but whether he signed as a party, or as a wit-
ness, the evidence was conflicting ; that thenceforth said
Bates and wife carried on the business, paying to plaintiff,
at different times, between the 9th of October and the 11th of
November following, sums amounting in the aggregate
to $1,000 ; that on or about the 23d day of December,
1865, said Bates and wife absconded in the night time, and
have never returned, leaving the theatre locked ; that

plaintiff had a key made, with which he entered said theatre, examined it, relocked it, and kept the key, but was ready to deliver possession to the persons named in the lease, and refused to rent to other persons, until the full term of fifteen weeks had expired. The defendant testified that he executed the said lease and bond in the presence of the plaintiff, and at the request, and as the surety of said Tidmarsh ; that said Bates at the time was a stranger to him, and that at the time of the execution of these papers, he stated that he signed, as the surety of said Tidmarsh, and that it was understood and agreed that said Tidmarsh was to have the management of the theatre, and to be the treasurer of said theatre business, and was to pay to said Diaz the rent stipulated in the lease, out of the income of the theatre, as the business proceeded ; to this, the plaintiff testified, that there was no such statement, and no such understanding or agreement." There was other conflicting evidence on this point. The defendant, by his counsel, asked the court to give the following charge in writing : "That if the jury find from the evidence, that F. M. Bates and T. U. Tidmarsh, as partners and principals in the theatre business, with C. P. May as surety, entered into a contract with Diaz, by which Diaz leased the said theatre building, as set forth in the written lease and bond in evidence, and that afterwards, on or about the 1st October, the said Bates and Tidmarsh and Diaz agreed that Tidmarsh should withdraw from said business, and that said Bates alone should carry on said business, and this last agreement was without the consent, and in the absence of May ; and if they further find, that after the making of the last agreement, the said Tidmarsh did withdraw, and the said Bates alone did carry on the said theatre business, in said theatre building, and that Bates paid to said Diaz $900 for the occupation of said theatre building, and continued to occupy the said building until about the 23d or 24th of December, 1865, and then left the said building, and the said Diaz, thereupon, took possession and control of said building, and held the same afterwards, then plaintiff cannot recover in this action." The court refused to give this charge, and the defendant excepted.

The court gave the jury the following charge : "If on or about the 5th day of October, 1865, Bates and Tidmarsh, by a writing executed by them, on that day agreed, though without the knowledge or consent of defendant, that their partnership was dissolved, and that the business of the theatre would be thereafter conducted by the said Bates, the consent of the plaintiff to the said agreement, so exe-cuted, without any agreement or understanding, that either Bates or Tidmash, or defendant, was to be discharged from any liability on said bond or lease, or that any one of them was not to be any longer liable on said bond or lease, would not be a defense to this action, and bar a recovery by plaintiff; but if at the time of consenting to said writ-ten agreement, as to said dissolution, or at any other time, there was an understanding or agreement, that either Bates or Tidmarsh, or defendant, was no longer to be liable on said bond or lease, or was to be discharged from any lia-bility on said bond or lease, then the jury must find for the defendant." To this charge the defendant excepted. He appeals, and assigns as error the charge given and the refusal to give the charge asked.

WATTS & TROY, for appellant.
RICE, SEMPLE & GOLDTHWAITE, contra.

BYRD, J.—1. It is questionable whether or not the legislature, by the adoption of the Code, intended to abolish the actions of debt and covenant, and to substitute the first three *forms* on page 553, in the stead of declarations in those actions at common law, *(which forms* are unknown to that law,) or to abolish the distinction between those actions.

The Code furnishes no form of plea which could be con-sidered as amounting to a general issue to the *forms* given. At common law there was no general issue to an action of covenant. Every defense had to be plead specially.—*Saun-ders' Plead.* 393, (457.)

In an action of debt on certain contracts and legal lia-bilities, *nil debit* is at common law the general issue.—Ib. 406, (472.)

In the case before us, the complaint resembles more a declaration in an action of covenant than one of debt; though a common law jurist would scarcely take it to be a good declaration in either. But it is in substantial conformity to the first form prescribed on page 553 of the Code, and we will treat it as an action of covenant.

And the first difficulty which presents itself, arises from the fact that the record does not disclose what plea, if any, was interposed as a defense to the action. This court has held, that on a trial by jury when no plea is filed, it will be presumed that the cause was tried on issue joined on the plea of the general issue. But where, as in an action of covenant, there is no such plea, and there are many special pleas which may be plead to the action, can any, and what presumption be indulged? Can we presume that an issue was joined on any special plea, and which, or on all?

My opinion is that the appellant must take the consequences of the defect of the record, and we can not presume that any special plea was plead, when such presumption would or might result in a reversal of the cause. Such a course would be in direct conflict with the long settled doctrine of this court, which is, that it devolves on the appellant to show error affirmatively, and this court will indulge every reasonable intendment in favor of the ruling of the court below, and will indulge none for the purpose of a reversal.

As far as this court has gone in this direction, is to presume that a cause was tried on the general issue, when the judgment entry shows that the trial was on issue joined. I know of no case where the court has ever presumed that any special plea was filed, upon such a recital in the judgment entry, for the purpose of a reversal.

In the attitude in which this case stands on the record, I do not see how we can say that the court did or did not err in the refusal to give the charge asked, or in giving the charge excepted to by appellant.

2. But however this may be, it appears to me, that the charge asked was properly refused, on the ground that the jury might have found all the matters to have been as set

forth therein, and yet it would not preclude the plaintiff from recovering the first weekly installment of rent.—*Baylis v. Usher*, 4 Moore & P. 791; *Willoughbey v. Bockhouse*, 4 Dowl. & R. 539; *Aurioll v. Willis*, 4 T. R. 98, (64;) *North v. Eslava*, 12 Ala. 242; *Nesbitt v. McGhee*, 26 Ala. 748; *Davis v. Preston*, 6 Ala. 83.

For the matters set forth in that charge would not necessarily defeat a recovery in the action to the extent of the weekly payments, which were due when the partnership between Bates and Tidmarsh was dissolved, and the new contract between Bates and Diaz was entered into.—*Nesbitt v. McGhee, supra.* All the evidence is not shown to be set out in the bill of exceptions, and it does not appear that the payment made by Bates was made on the first or the second contract. The effect of the charge is to require the court to decide that question as a matter of legal presumption; which, under the evidence in this record, it was not authorized to do.—*Morris v. Hall*, at the present term. For if the payments were made on the second contract, they could not be a bar to this action, *even* if all the other matters set out in the charge were found by the jury to be true. And upon the authorities already cited, the taking possession of the premises after the accrual of weekly installments of rent, could not defeat the right to recover for such installments. We can see no error in the charge given, as the court expressly declares that the matters set forth in the charge " would not be a defense to this action and bar a recovery by plaintiff"; and so they would not, under the doctrine hereinbefore announced.

Let the judgment be affirmed.