# Levystein & Simon v. Marks & Co., use, &c.

*Action on Detinue Bond; Appeal from Justice's Court.*

1. *Appeal from justice's court; how tried; complaint.*—On appeal from a justice's court, if the sum claimed does not exceed twenty dollars, the case must be tried by the court without the intervention of a jury (Rev. Code, § 2773), and no complaint is necessary; but, if a complaint is filed, though it may be brief, the rules of pleading must be observed.

2. *Same; who is proper party plaintiff.*—Actions "founded on any contract, express or implied," when commenced in a justice's court (Rev. Code, § 3204), "must be brought in the name of the party really interested, whether he have the legal title or not."

3. *Judgment corrected and affirmed.*—In an appeal case from a justice's court, brought to this court by appeal at the instance of the defendant, the rendition of judgment in favor of the holder of the legal title, for the use of the party

[Levystein & Simon v. Marks & Co.]

really interested, will be regarded as a mere clerical misprision, and here corrected at the costs of the defendant, when the record shows that the original complaint was properly filed in the name of the party really interested, and that the holder of the legal title was brought in by amendment, a demurrer to the complaint being improperly sustained.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

This action was commenced in a justice's court, on the 30th May, 1871, to recover damages for the breach of a detinue bond, which was executed by Levystein & Simon as principals, and by the other defendants as their sureties. In the summons issued by the justice, and in the cause of action indorsed on it, the plaintiffs were described as James Marks & Co., suing for the use of J. Abraham & Brother; but an amendment was there allowed, striking out the name of James Marks & Co., and leaving J. Abraham & Brother as the plaintiffs. The justice having rendered a judgment for the defendants, the plaintiffs carried the case, by appeal, into the City Court, and there filed a complaint in the name of J. Abraham & Brother. The defendants demurred to this complaint, on the ground that it showed no cause of action in said Abraham & Brother; and the court sustained the demurrer. The plaintiffs then asked leave to file an amended complaint, in the name of James Marks & Co., suing for the use of Abraham & Brother; and the court allowed the amendment, against the objection of the defendants. The plaintiffs further amended their complaint, by leave of the court, by reducing the amount claimed to nineteen dollars; and to the allowance of this amendment, also, the defendants objected and excepted. The case being heard without the intervention of a jury, on all the evidence adduced, the court rendered a judgment for the plaintiffs, for the amount claimed, besides costs. The defendants reserved exceptions to the several rulings of the court, as above stated, and also to the final judgment; and they now assign the same as error.

SAYRE & GRAVES, for the appellants, cited *Moffett v. Wood-bridge*, 3 Stew. 322; *Smith & Hill v. Cobb*, 1 Stew. 62; *Freeman v. Blakey*, 3 Stew. 167; *Mooney v. Ivey*, 8 Ala. 810; *Taylor v. Acre*, 8 Ala. 491; *Peck v. Colby*, 31 Ala. 252.

R. M. WILLIAMSON, with R. D. RUGELEY, contra.

STONE, J.—On appeal causes from justices of the peace, "if the sum claimed does not exceed twenty dollars, such cases must be tried by the court without the intervention of a jury; if it exceeds twenty dollars, an issue must be formed

[Heflin v. Bingham.]

and submitted to a jury."—Rev. Code, § 2772. "Such cases must be tried according to equity and justice, without regard to any defect in the summons, or other proceeding before the justice."—Rev. Code, § 2773. Under these sections, if the sum claimed does not exceed twenty dollars, there is no necessity for a complaint or issue, even when tried on appeal; but, if a complaint is filed, it is said the rules of pleading must be observed. The complaint, however, may be very brief.—1 Brick. Dig. 112-4, §§ 74, 75, 76, 55, 57, 61, 69, 70, 71, 77, 78, 79, 80, 94; also, §§ 66, 68, 86, 87; see, also, *Glaze v. Blake*, and *Schuessler v. Wilson*, at the present term.

Section 2523 (Rev. Code) requires, that suits on contracts for the payment of money shall be prosecuted in the name of the party really interested, whether he have the legal title or not. This section relates to suits in the Circuit Courts, or other courts of similar jurisdiction. Actions before justices of the peace are controlled by a different statute. Section 3204 (Rev. Code) declares, that "all actions brought before justices of the peace, founded on any contract, express or implied, must be brought in the name of the party really interested therein, whether he have the legal title or not" It will be observed, there is a substantial difference in the language of these two sections. While one limits the rule to contracts for the payment of money, the other embraces all actions founded on contract. The present suit is founded on a contract; the bond of defendants, given when they sued out their writ in detinue. It results, that the complaint first filed in the City Court was right as to parties, and that court erred in sustaining the demurrer to it. The judgment rendered by the City Court should have been in the name of J. Abraham & Brother. This is but a clerical error, which we will here amend, at the costs of the appellants.

Judgment of City Court amended, and affirmed.