(124 So. 93)

SIMPSON et al. v. MABRY. (6 Div. 344.)

Supreme Court of Alabama. Oct. 10, 1929.

Lange, Simpson & Brantley, of Birmingham, for appellants.

Harsh & Harsh, of Birmingham, for appellee.

ANDERSON, C. J. ■ It is practically undisputed that the Mid-Birmingham Land Company was indebted to Mabry for commissions approximately, if not exactly, $10,000. It is also undisputed that they had a settlement which was reduced to writing and signed by both parties. The agreement recites payment of said commission by the payment of $666.67 cash and the transfer of a note held by it against Carr for $9,333.33. The agree-

ment also shows an acknowledgment by Mabry that the receipt of the cash and notes constitutes the commission. That this agreement operated as a settlement of the transaction and the indebtedness is not open to serious doubt. So, the only question to be determined is whether or not Mabry by becoming the owner of the note was entitled to interest from the date of the note to its maturity as he was paid the interest earned by the note after maturity. It must be borne in mind that the note did not purport to bear interest from date and, standing alone, did not bear or indicate that any interest was to be paid on same until after maturity. It seems, however, that the note in question was one of a series of six, aggregating the purchase price of property, and which said notes were payable on the installment plan, but none of them bore interest on their face. There were also a series of notes given to cover the interest and payable in six installments corresponding with the maturity of the notes, the interest notes diminishing in amount as the principal notes matured. The principal and interest notes therefore became separate and separable demands, and the owner of any one of them could maintain an action for the amount due whether for principal or interest, independent of the others. Ryall v. Prince, 82 Ala. 264, 2 So. 319. Courts generally regard the contract to pay the debt and the contract to pay the interest as in reality separate contracts, although they may be contained in the same writing. See note Ann. Cas. 1912B, page 1333. Here, however, the contracts to pay the principal and the ones to pay the interest were separate and distinct writings. It is manifest that by the assignment of the note in question the land company did not intend to thereby assign another and separate contract or any interest thereon, especially in view of the fact that the land company was not then the holder of the interest notes which had been previously assigned to Blakeney. Though we doubt if the result would be different had it been the then holder and owner of the interest note. The fact that the assignment transferred an interest in the mortgage, which had been given to secure all of the notes, cannot read an assignment of the interest into the transaction as the assignment limits the transfer of the mortgage. The instrument recites: "And also hereby transfer and assign to the said G. O. Mabry an interest in the said mortgage equal to a proportion of the amount as said note hereby assigned to the said G. O. Mabry bears to the whole indebtedness secured by said mortgage, said note being dated March 4, 1925, due September 1, 1926, for the sum of Nine Thousand Three Hundred Thirty-Three and $67/100$ Dollars, both the said note and the said pro tanto interest in the said mortgage are assigned and indorsed without recourse, the receipt of which cash and note constitut-

ing such commission is acknowledged by G. O. Mabry." This indicates no intention to assign any interest in the mortgage beyond the proportion that "said" note bears to the whole. On the other hand, it recites that the cash paid and the note so transferred shall constitute the commission of the said Mabry.

The trial court erred in granting the complainant relief upon the original bill and not awarding the entire amount held by the stakeholder to the complainant in the cross-bill, and the decree of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ.,

concur.