# Tankersly, Adm'r, *v.* Pettis.

*Bill in Equity against an Administrator for an Account, Settlement and Distribution.*

1.   *Judgments and decrees on the merits final and conclusive.*—No principle of law is better settled than that the judgment of a court of competent jurisdiction, rendered on the merits, as between the parties, is final and conclusive of the matter in controversy, so long as it remains unreversed; and this principle applies alike to the decrees of the court of chancery and the judgments of courts of law.

2.   *Decree dismissing bill; when conclusive.*—The decree of a court of chancery dismissing absolutely and unconditionally a bill filed by two heirs against the administrator of their intestate's estate, seeking to compel him to make a settlement and distribution of the estate, rendered on the hearing, on pleadings and proof, is an adjudication of the merits of the cause against them, and constitutes a bar to a subsequent bill filed by the survivor of them, one having died, seeking the same relief, although such decree was founded on an erroneous decision as to the validity of certain decrees rendered by the probate court in which the administration of the estate was pending, and set up in defense of the suit by the administrator.

3.   *Former adjudication; what issues covered thereby.*—When there is no question as to the jurisdiction of the court, or as to the identity of the parties, the inquiry, whether the subject-matter of the controversy has been drawn in question and is concluded by a former adjudication, is determined, when it is ascertained that the matters of the two suits are the same, and the issues in the former suit were broad enough to have comprehended all that is involved in the second suit.

4.   *Decree dismissing bill on the merits; effect of can not be avoided by showing that bill was unskillfully drawn.*—The force and effect of a decree of a court of equity dismissing a bill on the merits, can not be obviated by the complainant invoking his negligence or unskillfulness in pleading.

APPEAL from Montgomery Chancery Court.

Heard before Hon. H. AUSTILL.

The bill in this cause was filed on 3rd September, 1879, and its material averments and purpose may be summarized as follows:   In 1858, George W. Pettis died intestate in Montgomery county, in this State, seized and possessed of an estate consisting of real and personal property, and leaving him surviving Mary W. Pettis, his widow, and Theophilus, George W., James

B. and Mary S. Pettis, his only children and heirs at law.    On 23rd September, 1858, Felix M. Tankersly was appointed by the Probate Court of said county the administrator of the estate of said decedent, and he qualified as such by giving bond with Alfred Pool and others, as his sureties thereon, and entered upon the discharge of the duties pertaining to his trust, taking possession of the assets of the estate, portions of which he afterwards sold under the decree of the Probate Court, and collected the purchase-money therefor.    Afterwards Theophilus and George W. Pettis, jr., died intestate, and said Tankersly was appointed by said court administrator of their estates; and he was also appointed guardian of James B. and Mary S. Pettis, who were minors.    Afterwards, and prior to the filing of the bill in this cause, James B. Pettis died intestate; and thus Mary S. Pettis was left the only surviving heir at law of George W. Pettis, sr., deceased.    Her three brothers died while minors, without issue, and owing no debts.    The bill then avers, "that after said Tankersly became the administrator of the estates of Theophilus and George W., jr., and guardian of said James B. and your oratrix, he pretended to make divers settlements in said Probate Court of all of said estates; and on the 28th day of November, 1865, he made what purports to be a final settlement of the estate of said George W. Pettis, sr., while so acting as guardian as aforesaid, and as administrator of the estates of said Theophilus and George W., sr.; and that since that time he has taken no further steps in the administration of the estate of George W. Pettis, sr., in said Probate Court, and said Probate Court has not, since said last named day, had any proceedings instituted therein in regard to said administration, and no final settlement of the same has been made."    The bill is filed by Mary S. Pettis against Felix M. Tankersly, individually, and in his different representative capacities, Alfred Pool and Mary W. Pettis; and the prayer is, that the administration of the estate of George W. Pettis, sr., be removed into the Chancery Court, "and there settled according to the rules of equity, and for general relief."

The defendant Tankersly answered the bill setting up, among other things, in bar of the relief sought thereby, the settlement made by him in the Probate Court; and he also incorporated in his answer the following plea: That on or about the 14th September, 1866, James B. Pettis, now deceased, and the complainant, by their next friend, "filed their bill in the Chancery Court for Montgomery County against this defendant and the sureties on his administration and guardian bonds, to compel a settlement of the said estases and guardianships, charging and alleging the same facts as are charged and alleged in the present bill of complaint, and seeking to have a settle-

ment of said estates and guardianships in said Chancery Court,
and asking that the said settlements made in the Probate Court
by this defendant should be set aside, and that he account as
such administrator and guardian in said Chancery Court;" that
he answered the bill, and testimony was taken in the cause
made thereby; that on the hearing, on pleadings and proof, the
chancellor was of the opinion that the complainants were not
entitled to relief, and thereupon caused a decree to be entered,
dismissing the bill, and taxing the costs of suit against the next
friend; that said decree was still of full force, and that "said
bill and suit involved the same matters now sought to be liti-
gated." He also avers in his answer, that afterwards, in May,
1873, the complainant and her brother, James B. Pettis, filed
in said Chancery Court a bill of review for the purpose of re-
viewing and reversing the final decree rendered in the original
cause, and that such proceedings were had thereon, that a final
decree was rendered in said court, from which an appeal was
taken to this court, and on that appeal the bill of review was
dismissed.—See *Tankersly v. Pettis*, 61 Ala. 354.

On the submission of the cause, a transcript of the record
and proceedings had in the cause made by the original bill filed
by James B. and Mary S. Pettis on 14th September, 1866, re-
ferred to in the answer, was read in evidence. That bill averred
the death of George W. Pettis, sr., and of his two children,
Theophilus and George W., jr., and the appointment of
Tankersly as administrator of their estates, and also his appoint-
ment as guardian of James B. and Mary S. Pettis, substantially
as they are averred in the bill in this cause. That bill was filed
against Tankersly, and certain parties who are averred to be
sureties on his bonds as the administrator of said estates, and as
guardian of said minors; but no process is prayed against him
as administrator or guardian. The bill charged that prior to
16th May, 1860, said Tankersly had in his hands, as adminis-
trator of the estate of the elder Pettis, after payment of all the
debts of said estate, the sum of $4,919.32, derived from the
sales of property belonging to the estate, and from other
sources, "which he used for his own benefit, lending the whole
or a large portion thereof at usurious interest, without ever ac-
counting for the usurious profits, or otherwise using it for his
own benefit;" and that during the war he received other large
sums in Confederate money, with which he paid the expenses
of his wards, and the costs and expenses of said several estates,
and with which he pretended to have purchased certain Confed-
erate bonds, as an investment for complainants. It is further
charged in the bill, that said Tankersly, on 31st October, 1865,
filed in the Probate Court his several accounts as administrator
of said estates, for final settlements of his administrations,

[Tankersly, Adm'r, v. Pettis.]

charging himself with certain amounts "in good money," and in other amounts in Confederate money, which he claimed to have on hand; but the bill does not aver that such settlements were ever had, or that such accounts were ever passed on by the court. And also that on 28th November, 1865, he resigned as guardian of complainants, and filed his accounts as such guardian for final settlement, and that "on said final settlement," the complainants "were allowed" certain amounts. The bill contains an interrogatory as to the use the said Tankersly made of the money belonging to said estates from 1858 to 1865. The prayer of the bill is, "that said settlements in the Probate Court be set aside, and that said Tankersly and his said sureties be compelled to account with, and to pay your orators, or to some one in trust for them, as in equity and good conscience they ought, and for other or further relief." The defendants answered, admitting that Tankersly had $4,919.32 at the time stated in the bill, denying that he used any of the money for his own benefit, or that he made more than lawful interest, and alleging that the Confederate money and bonds received by him were received in good faith in payment for property sold, and for debts due, and that he fully accounted in settlements made by him in the Probate Court for all the assets. A demurrer was incorporated in the answer, but the record fails to show that it was passed upon. At the March term, 1868, of said court, the cause having been heard on pleadings and proof, the following decree was entered: "This cause came on to be heard, and was submitted for decree at the last term on the pleadings and the testimony, and was held over for consideration until the present term. And now, on consideration, it is ordered, adjudged and decreed that the complainants' bill of complaint be dismissed, and that the next friend of complainants pay the costs of this suit, for which execution may issue."

The transcript of the record in the cause made by the bill of review, referred to in the defendant's answer, and also transcripts from the Probate Court of final settlements made by Tankersly of his administrations upon said estates, on 28th November, 1865, and also of final settlements made by him of his guardianships of complainant and her brother, James B. Pettis, on 23rd December, 1865, were also introduced in evidence.

On final hearing, had on the pleadings and proof, a decree was entered, taking jurisdiction of the estate, and ordering the administrator to file his accounts and vouchers for a final settlement of his administration upon the estate of George W. Pettis, sr.; and that decree is here assigned as error.

[Tankersly, Adm'r, v. Pettis.]

SAYRE & GRAVES and WATTS & SONS, for appellants. (1) Whether there was a settlement of the estate of George W. Pettis, sr., in the Probate Court, was the direct question presented by the bill filed by James B. and Mary S. Pettis in 1866; and that is the direct question presented in this case. The parties are substantially the same; the allegations of the two bills are different only in form, and not in substance, and the same relief was authorized by the prayers of both bills. The decree in the first case necessarily determined the right of the complainants to an account and settlement in the Chancery Court. (2) The first bill shows upon its face that it was not a bill to correct errors either of fact or law. Considered as such a bill, no relief could have been granted. Eliminate from it the averments touching the invalidity of the settlements in the Probate Court, and it is clear that the averments in reference to the usurious rate of interest would confer no jurisdiction. The allegations as to usury only affected the *amount* to be recovered on the settlement. (3) The dismissal of a bill in chancery will be presumed to be a final and conclusive adjudication on the merits, whether they were or were not heard and determined, unless the contrary appears, and such a dismissal is a bar to any subsequent bill.—Freeman on Judgments, § 270. (4) If the inconsistency of the positions occupied by Tankersly had not been set up as depriving the Probate Court of jurisdiction, it could and ought to have been done. "A party can not try his action in parts. The judgment is conclusive, not only of the matters contested, but as to every other thing within the knowledge of complainant which might have been set up as a ground of relief in the first suit."—Freeman on Judgments, §§ 272, 260, 249, 255–59; *Cromwell v. Co. of Sae*, 94 U. S. 352; *Ragland v. Calhoun's Adm'r*, 36 Ala. 606; *Wittick v. Traun*, 25 Ala. 319; *Thompson v. Roberts*, 24 How. (U. S.), 241; *Mayor, &c. v. Wetumpka Wharf Co.*, 63 Ala. 611; *Case v. Beauregard*, 101 U, S. 688; *Aurora City v. West*, 7 Wall. 82.

R. M. WILLIAMSON and J. N. ARRINGTON, *contra.*—(1) Estoppels by judgments and decrees should never be allowed to prevail, unless the matter set up be "certain to every intent, and not be taken by argument or inference." — *Miller v. Hampton*, 37 Ala. 342. (2) In order to make a plea of former judgment good, it must appear that the same point was in issue in the former suit, and was necessarily passed upon and determined.—*Hamner v. Pounds*, 57 Ala. 348; *Strauss v. Meertief*, 64 Ala. 299; Wells on Res Adjudicata, §§ 216-17; *Lawrence v. Hunt*, 10 Wend. 80; *Chrisman v. Harman*, 29 Gratt. 494; *Hughes v. United States*, 4 Wall. 236; *Russell*

[Tankersly, Adm'r, v. Pettis.]

*v. Place*, 94 U. S. 606. See also *Cook v. Burnley*, 45 Texas, 97 ; *Durant v. Essex Co.* 7 Wall. 109 ; *Foster v. Busteed*, 100 Mass. 409 ; *Burlen v. Shannon*, 99 Mass. 200. The issue must also be material, and the judgment final and upon the merits.—Big. on Es. (2d Ed.), 20–1. (3) In the case made by the bill filed in 1866, the decree rendered was final, was on the merits, and was conclusive of the matter within the *issue of that case*, but that issue was not the same as the issue presented by this bill. The first bill did not authorize the Chancery Court to set aside the settlement of the estate of the elder Pettis, made in the Probate Court. It did not aver that any settlement had in fact been made ; but merely that the administrator had *filed* his accounts for that purpose. The mere filing of the accounts, without being *passed on by the court*, can not operate as a settlement.—*Rhodes v. Turner*, 21 Ala. 210 ; *Ashley v. Ashley*, 15 Ala. 15 ; *Hollis v. Caughman*, 22 Ala. 478. It did not make Tankersly a party *as administrator or guardian*, and there is no prayer for the removal of the estates into the Chancery Court ; and the court would not thus order without a *proper* bill, and a *special prayer* therefor.—Story's Eq. Pl. § 41, note 2 ; *Sharp v. Taylor*, 11 Sim. Rep. 50 ; *Pearson v. Darrington*, 21 Ala. 169. That bill is very carelessly and loosely drawn ; but by arguing a little, inferring much, and enlarging greatly the meaning of words, it may be regarded as one seeking to recover usurious interest made by the administrator, and to set aside the final settlements made by Tankersly *as guardian of James and Mary S. Pettis*. As a bill to charge the administrator with usurious interest, it was without equity ; and as a bill to correct errors of law or fact, under the statute, it set out no decree, and did not even aver that a decree was made. Such a bill should have been dismissed, without demurrer or motion, on the hearing.—1 Brick. Dig. p. 731, § 1343. And when dismissed, it is conclusive simply of this : That the complainants had not presented to the court any intelligible state of case, in which they had suffered any wrong, or been deprived of any rights. (4) If the first bill was so defectively framed, that the particular relief here prayed could not have been granted, although by amendment it could have been so framed as to embrace it, the former decree is no adjudication of the matter presented by this bill. That decree was on the case then made, and it can not be regarded as upon a case not before the court.—*Lawrence v. Vernon*, 3 Sumn. 20 ; Big. on Es. 54, note ; *Greenwood v. Greenwood*, 29 Cal. 521 ; *King v. Chase*, 15 N. H. 16 ; *Lawrence v. Hunt*, 10 Wend. 80 ; *Mersereau v. Pearsall*, 19 N. Y. 108 ; *Wright v. DeKlyne*, 1 Pet. C. C. Rep. 199. Argument or inference can not be indulged to raise an issue in the first case, that was not so stated

[Tankersly, Adm'r, v. Pettis.]

that relief could have been granted.—*S. & M. R. R. Co. v. Lancaster*, 62 Ala. 555; *Duckworth v. Duckworth*, 35 Ala. 70.   If the bill, then, was so framed, that the relief here sought could not have been granted, the relief here prayed has not been passed on, and could not have been adjudicated in that case. *Munter v Linn*, 61 Ala. 492.

BRICKELL, C. J.—The original bill was filed by the appellee, as the sole surviving heir and distributee of her deceased father, George W. Pettis, to compel the appellant, Tankersly, as his administrator, to an account, settlement and distribution. A former bill filed by the appellee and her brother, James B. Pettis, now deceased, for a like purpose, was by the court of chancery, on a hearing on pleadings and evidence, dismissed absolutely and unconditionally.   One ground of defense urged to the present bill is, that the decree in the former suit is a bar; and if well taken, is decisive of the controversy.

No principle of law is better settled, than that the judgment of a court of competent jurisdiction, rendered on the merits, as between the parties, is final and conclusive of the matter in controversy, so long as it remains unreversed.—*Trustees v. Keller*, 1 Ala. 406; *Mervine v. Parker*, 18 Ala. 241; *Wittick v. Traun*, 25 Ala. 317.   The principle applies alike to the decrees of the court of chancery and the judgments of the courts of law.—*Hutchinson v. Dearing*, 20 Ala. 798.   The decree of a court of chancery, dismissing a bill, absolutely and unconditionally, on a hearing on pleadings and evidence, is an adjudication of the merits of the controversy, forming a bar to any future litigation of the same matters between the parties or their privies.   A decree of that kind, not made because of insufficient pleading, or for want of jurisdiction, or for some cause not touching the merits, if not intended to be final and conclusive, is accompanied with words of qualification, with some appropriate terms, indicating that it is not intended to preclude future suit, such as that the dismissal is *without prejudice*.   If the case is of a character that such a reservation ought to be made, and it is omitted, on appeal, the error will be corrected.—*Danforth v. Herbert*, 33 Ala. 497; *Burns v. Hudson*, 37 Ala. 62.   When, however, the decree of dismissal is unqualified, it is presumed to be an adjudication on the merits adversely to the complainant, and constitutes a bar to further litigation of the same matters between the parties.—*Durant v. Essex Co.* 7 Wall. 109; *Bigelow v. Winsor*, 1 Gray 301; *Foote v. Gibbs, Ib.* 412; *Kelsey v. Murphy*, 26 Penn. St. 78; *Borrowscale v. Tuttle*, 5 Allen, 377; *Ogsbury v. La Farge*, 2 Comst. 113; *Rosse v. Rust*, 4 Johns. Chan. 300; Freeman on Judgments, § 270; 2 Dan'l Ch. Pr., § 1009.

[Tankersly, Adm'r, v. Pettis.]

When the record of the former suit is carefully examined, it is not matter of conjecture, or of presumption merely, that the decree was rendered on the merits, and was intended to be final and conclusive—an adjudication, that there was no liability resting on the appellant to account to the appellee for his administration. The decree was probably based on the hypothesis that the settlements of the administration made by the appellant in the court of probate, and of his guardianship of the appellee, and of her then co-plaintiff, James B., were final and conclusive. The decrees on those settlements were pleaded in bar of that bill, as they are now pleaded in bar of the present bill. The court may have erred in its opinion touching the validity of those settlements. It may be, as is now argued by the counsel for the appellee, that as judicial proceedings they are void; that the dual relation of the appellant as administrator of the father, George W. Pettis, and of two of his deceased children, divested the court of probate of jurisdiction to settle the principal administration. The court of chancery of necessity decided that question, and had jurisdiction to determine it finally, shutting out all future inquiry, where its decree may be drawn in question collaterally.

When, as in the present case, there is no question as to the jurisdiction of the court, or as to the identity of parties, the inquiry, whether the subject-matter of the controversy has been drawn in question, and is concluded by a former adjudication, is determined, when it is ascertained that the matters of the two suits are the same, and the issues in the former suit were broad enough to have comprehended all that is involved in the issues in the second suit. The inquiry is not, what the parties actually litigated, but what they might and ought to have litigated in the former suit. For the bar of a judgment or decree, if litigation is quieted and parties are not twice vexed for the same cause, must extend to all facts which are necessarily involved in the issue. The main, controlling issue in the former suit, as in the present suit, was the liability of the appellant to account for his administration of the estate of the elder Pettis. All other matters involved in the former suit were the mere incidents of this liability. We do not inquire whether the former bill was skillfully drawn, presenting the liability of the appellant in the most appropriate form. A party can not obviate the force and effect of a judgment against him, by invoking his negligence or unskillfulness in pleading, when that is not the ground of judgment. The right of the appellee, as heir and distributee, to a settlement of the administration, the liability of the appellant as administrator to account to her, were distinctly presented. There was no matter connected with her right, or with the liability of the

VOL. LXXI.

appellant, which could not have been litigated in the former suit. If the former bill was, as is now insisted, so defective in its frame that the appellee could not have obtained full relief, the duty of amendment rested upon her. To suffer her to speculate on the chances of obtaining a favorable decree on insufficient pleading, and after an adjudication against her on the merits, to assail it because of the insufficiency of the pleading, would be manifestly unjust, and would encourage negligence and protract litigation. A judgment is conclusive of the entire subject-matter of controversy, of all that properly belongs to it—of all that might and ought to have been litigated and decided.—Wells' Res Adjudicata, §§ 248–9. We are of opinion that the decree in the former suit was a final adjudication of all the matters now proposed to be litigated, and a full bar to this suit.

The decree of the chancellor is reversed and a decree must be here rendered dismissing the bill at the costs of the appellee, in this court, and in the court of chancery.