## BILLING et al. v. GILMER.

### (Circuit Court of Appeals, Fifth Circuit. January 30, 1894.)

### No. 188.

1. RES JUDICATA—IDENTITY OF CAUSES OF ACTION.

A bill was brought to redeem certain corporate stock, and the pleadings, as finally made up, asserted, on complainant's part, a pledge of the stock in 1871, and a continuing pledge in 1875. Defendant denied the pledge in either case, and claimed to be the owner of the stock from 1871. The material issue involved was the nature of the transaction had in 1875 in relation to the stock. There was a hearing on the pleadings and the testimony as noted, which resulted in a final decree dismissing the bill. This decree was affirmed by the state supreme court. *Held*, that the whole question as to the ownership of the stock was res judicata, and complainant could not thereafter maintain a suit in a federal court to compel a conveyance to him.

2. SAME.

In a suit in a federal court, a decree of an Alabama chancery court, dismissing a bill between the same parties, was set up in bar. This decree was rendered in vacation, and it is well settled in Alabama that a decree in vacation dismissing a bill on demurrer without giving opportunity to amend is erroneous. This decree, however, had been affirmed by the state supreme court. *Held*, that the affirmance necessarily involved an adjudication that the decree was rendered on issues of fact, and therefore its effect as res judicata could not be avoided by claiming that it was rendered on demurrer.

Appeal from the Circuit Court of the United States for the Middle District of Alabama.

This was a bill in equity, brought by James N. Gilmer against Josiah Morris and F. M. Billing, to compel a transfer of certain corporate stock, and an accounting for dividends thereon. Morris having died, his executors, B. J. Baldwin, Hulit Baldwin, and F. M. Billing, were substituted as defendants. An opinion was rendered on a plea setting up a prior adjudication (46 Fed. 333), and afterwards there was a decree for complainant (55 Fed. 775), from which this appeal is taken.

Thomas J. Semmes, H. C. Tompkins, and Alex. Troy, for appellants.

W. A. Gunter, E. H. Farrar, and E. B. Kruttschnitt, for appellee.

Before McCORMICK, Circuit Judge, and LOCKE and TOULMIN, District Judges.

TOULMIN, District Judge. This was a bill filed by appellee, J. M. Gilmer, on the 9th day of January, 1890, against Josiah Morris and F. M. Billing, to compel the transfer of 60 shares of the capital stock of the Elyton Land Company, a corporation under the laws of Alabama, which stock appellee alleges he had pledged with Morris; and to compel Morris to account to him for the dividends thereon. The substance of the bill is that in 1870 the appellee, being the owner of certain stock of the Elyton Land Company, and being indebted to appellant Josiah Morris for money paid for him on account of the subscription to said stock, placed the same with Morris, to hold as a pledge for the debt, and transferred by indorsement the certifi-

cate to him. Thus matters stood until March, 1875, when Gilmer became further indebted to Morris for moneys paid for and loaned to him, and when, as the bill avers, Gilmer made an agreement with Morris that the stock should be transferred to him on the books of the company, and thereafter held by him as a pledge for the payment of all his past indebtedness, and for all indebtedness which Gilmer and his firms might incur in the future to Morris, or the banking firm of Josiah Morris & Co., composed of the appellants Josiah Morris and F. M. Billing. The bill prays that Morris be decreed to account for and pay over to appellee (complainant below) all dividends that may have been paid on said stock since the same had been in Morris' hands, after deducting all of the indebtedness due him and his firm by appellee, and that said stock be decreed to be transferred by Morris to him. To the bill a plea is filed, setting up, in substance, that complainant had on the 7th July, 1884, filed in the state chancery court of the state of Alabama a bill against these defendants to redeem the identical shares of stock for the redemption of which the bill in this case is filed. That he alleged in said bill that the stock had been pledged to Morris as security for a debt due by him to Morris and to his firm, and for advances that might thereafter be made to him (complainant), or to any firm of which he might be a member; and praying that Morris might be decreed to account for all dividends received on said stock, and to transfer said stock to him, as is now prayed in this bill. That Morris answered that bill, denying that the stock was the property of complainant, and that he had any right to it, or any part of it. And the plea avers that, upon the issue made by the pleadings, testimony was taken by the respective parties to the cause, and at the April term, 1885, of the said chancery court the cause was submitted on the pleadings and testimony for decree on the merits, and was argued by counsel, and upon consideration thereof it was ordered, adjudged, and decreed that complainant was not entitled to relief in said cause, and the bill was dismissed absolutely out of court. That from this decree the complainant appealed to the supreme court of the state of Alabama, and at the December term, 1885, thereof, the cause was submitted and argued by counsel for the respective parties on its merits, and that the supreme court in all things affirmed the decree of the chancery court. The plea further avers that the stock sued for in the two suits was identically the same, and that the relief prayed in the two suits was for the same matters, and to the same effect. To the plea were attached, and made parts thereof, copies of the record in the chancery court, referred to, and of the opinion and decree of the chancellor; also copies of the opinions and judgment of the supreme court.

There are many assignments of error in this case, but the counsel for appellants, in their argument, insist only on those which involve the ruling of the lower court on the plea of res adjudicata filed to the bill, and which the court adjudged and decreed to be insufficient, and to be overruled. The record of the cause in the state court is specially pleaded, and is also offered in evidence in support of the answer. It is conceded that, if the judgment of the state

court determined the questions now litigated in this suit, it would be conclusive on the federal courts, and would be an end of this case.

Of the four concurrent elements or conditions necessary to render a matter res adjudicata, three of them are admitted to exist in this case. The other—the identity of the cause of action—is controverted. To render the decree in the former suit available as a bar in this suit the cause of action must be the same, and the former decree must have been upon the merits. "The doctrine of res adjudicata does not rest upon the fact that a particular proposition has been affirmed and denied in the pleadings, but upon the fact that it has been fully and fairly investigated and tried, that the parties have had adequate opportunity to say and prove all that they can in relation to it, that the mind of the court has been brought to bear upon it, and so it has been solemnly and finally adjudicated." 2 Black, Judgm. § 614; 1 Freem. Judgm. § 256. "The decree in the former suit is conclusive, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. Sac Co., 94 U. S. 351; 1 Freem. Judgm. § 249; Tankersly v. Pettis, 71 Ala. 179. In the last case the court says that "a judgment is conclusive of the entire subject-matter of controversy, of all that properly belongs to it, of all that might and ought to have been litigated and decided."

The cause of action is said to be the same when the evidence necessary to sustain a judgment for the plaintiff in the present suit would have authorized a judgment for him in the former. 1 Freem. Judgm. § 259; 2 Black, Judgm. § 726. What is a cause of action? As defined by one of the learned counsel for appellee: "A cause of action is the existence of those facts which give a party a right to judicial interference in his behalf." The facts alleged which give the complainant a right to judicial interference are that he is the owner of certain stock in the Elyton Land Company, which the defendant Morris holds as a pledge from and in trust for him; that he has a right to recover the stock, and that the defendants deny his right and title to it. The facts averred in the suit in the state court were that complainant was the owner of the identical stock which he had a right to recover from defendants; that Morris acquired possession of it under such circumstances as made him a pledgee of the same; that he was to hold it as security for certain indebtedness due him by complainant, and that in the hands of Morris it "became and was a basis of credit for money." The matters directly in issue in that suit, and necessarily involved in it, were the ownership of the stock, and how Morris held it,—whether as pledgee or otherwise. Until it was established that Morris did hold the stock as pledgee, and under such circumstances as gave Gilmer a right to it, no suit to recover it could be maintained.

The original bill in the state court was to redeem the stock from an alleged pledge made in March, 1875, by transfer to Morris, to secure an indebtedness of Gilmer and Donaldson to defendant, and to have an account of the dividends received on it, and, upon payment of the debt, to have the stock transferred to Gilmer. Morris,

answering, denies that the stock was transferred to him for any
such purpose, sets out the circumstances under which the stock
was transferred to him, and claims that the stock was his own
property, and so had been as against Gilmer from December 30,
1871, and as against the whole world since March 30, 1875. The
amended bill in the state court set up the original purchase of the
stock in Gilmer's name, and the payment of the purchase money
for it by Morris, and the transfer of it to Morris as security for its
repayment, and that Gilmer allowed the stock to remain with Mor-
ris "as a basis of credit for money," and until he should pay to
said Morris and to his firm all balances of money due him and
them by Gilmer; that, after such transfer, he became liable to
Morris and to his firm for various small sums of money, besides
the balance due on account of the original purchase of the stock,
and Gilmer offers to pay to Morris and to his firm whatever sums
of money may be found due them by him, and prays an account
for dividends, etc.   Morris, in his amended answer, denies that Gil-
mer was the true owner of the stock, and says, if he ever was the
true owner, that he, on March 30, 1875, transferred the same to
him (Morris) on the books of the Elyton Land Company, and had
the certificate for the stock issued to him in his own name; that
Gilmer was indebted to him and to his firm, Josiah Morris & Co.,
in a large amount, which he was bound to pay before demanding
a reconveyance of said stock to him; and that Gilmer had not de-
manded or claimed said stock until more than nine years after
said transfer, but had abandoned and lost all claim thereto, and
that the same was barred by the statute of limitations.   The com-
plainant, Gilmer, had the right and the opportunity to file any rep-
lication, general or special, to this answer; or, if he wished to set
up matter in confession and avoidance of the facts averred in the
answer, he could have done so by amending his bill.   Failing to
adopt either the one or the other course, the effect of the statute
of Alabama, which provides that "no replication is necessary to
an answer," is to make up an issue upon the facts alleged in the
answer.   Code Ala. § 3444.   The cause being at issue, the respec-
tive parties took testimony thereon, and subsequently submitted the
cause to the court for decree on the pleadings and testimony as
noted.   There was a note of testimony taken.   The particular cause
of action or controversy in that suit was the ownership of certain
stock, and a pledge of it in 1871, and a continuing pledge of it in
1875, and subsequent to that time.   The material, if not the real,
issue involved was the transaction between the parties relative to
the stock in 1875; what that transaction was, and how the stock
was afterwards held by Morris,—whether as pledgee or absolute
owner.   This issue was presented in the pleadings, and presumably
on the testimony, in that action.   The particular cause of action
or controversy in this suit is the ownership of the same stock, and a
pledge of it in 1875, which Gilmer avers Morris held as a security
for debts due him and to become due, and which were, from time
to time, subsequently incurred.   It is clear that this assertion of
ownership of the stock by Gilmer, and the averment of a pledge of

it to Morris in 1875, raise the issue as to what was the real transaction between the parties relative to the stock in 1875,—a material issue, which, as we have seen, was necessarily involved in the former suit. We think that the issues in the former suit were broad enough to have comprehended, and did comprehend, all that is involved in this suit. But there is another rule of law, to which we have already adverted in this opinion, by which to determine whether the cause of action is the same in the two suits. That rule is that, "when the evidence necessary to sustain a judgment for the plaintiff in the present suit would have authorized a judgment for him in the former suit, the cause of action is said to be the same." Can it be doubted, if the proof which is necessary to sustain a judgment for plaintiff in this suit had been made in the former suit, that it would have authorized a judgment for plaintiff? The record of the former suit shows that the pledge referred to as of March 30, 1875, was a subject of controversy, and must have been a subject of proof, in that suit. Doubtless it was proven or attempted to be proven as a recognition by Morris of Gilmer's claim. Clearly, it was considered by the court in deciding the case, and was necessarily determined by the court to exist or not to exist as a fact. The court may have found that no such pledge as was claimed ever existed, or it may have found that such pledge did exist, but that the complainant's right to redeem it had been lost by laches, or barred by the statute of limitations. Suffice it to say, the court adjudged and decreed that the complainant was not entitled to relief, and that his bill be dismissed out of court. It was an absolute and unconditional dismissal. This decree was affirmed by the supreme court. Was the decree rendered upon the merits of the case? If it was rendered, as is contended by the appellee, solely on the pleadings,—was rendered on demurrer, and because the bill stated no good cause of action,—the judgment is not conclusive. "The dismissal of a bill in chancery will be presumed to be a final and conclusive adjudication on the merits, whether they were or were not heard and determined, unless the contrary is apparent on the face of the pleadings or in the decree of the court." 1 Freem. Judgm. § 270; 2 Black, Judgm. § 722; Durant v. Essex Co., 7 Wall. 107; House v. Mullen, 22 Wall. 42; Lyon v. Manufacturing Co., 125 U. S. 698, 8 Sup. Ct. 1024; Tankersly v. Pettis, 71 Ala. 179.

In the last cited case the court says: "When the decree of dismissal is unqualified, it is presumed to be an adjudication on the merits adversely to the complainant, and constitutes a bar to further litigation of the same matters between the parties." And in the case of Lyon v. Manufacturing Co., supra, the court uses this language: "A plea in bar, stating a dismissal of a former bill, is conclusive against a new bill, if the dismissal was upon hearing, and if that dismissal is not, in direct terms, 'without prejudice.'" The contention of appellee is that the dismissal was on demurrer, and that it was because of some defect in the pleadings, or because the averments of the bill did not make a case for relief. It is not apparent in the decree of the court that the dismissal was on demur-

rer. Every presumption is in favor of its correctness, and that it is free from error. It was rendered in vacation. Now, the well-settled law in Alabama is that, if the chancellor renders a decree in vacation dismissing a bill on demurrer, or dismissing it when the proof shows complainant is entitled to relief, but because of defects or insufficiency of averments in his bill he could not get it under the bill without giving him an opportunity to amend, he commits an error, for which the case must be reversed. Kingsbury v. Milner, 69 Ala. 502; Stoudenmire v. De Bardelaben, 72 Ala. 300; Yonge v. Hooper, 73 Ala. 119; Gilmer v. Wallace, 75 Ala. 220.

If the contention of the appellee should prevail, then we would find that the supreme court of Alabama itself committed an error when it affirmed the decree of the chancellor. We cannot so hold. It necessarily follows, then, that in affirming the decree of the chancellor the supreme court adjudged that he had decided the case on issues of fact, and not on demurrer. Furthermore, as there was no specific reference made to the demurrer in the submission, or in the decree, the inference is that it was waived. Walker v. Cuthbert, 10 Ala. 213; Corbitt v. Carroll, 50 Ala. 316; Daughdrill v. Helms, 53 Ala. 65.

The contention of appellee's counsel further is that the only issue submitted to the chancery court was in reference to recognitions by defendant Morris of the complainant's (Gilmer's) claim to the stock, and whether it was necessary to aver such recognitions, and that this issue was raised and decided on a demurrer to the bill. We think the counsel are entirely in error as to this. We find no such issue raised by the demurrers. There was no demurrer to the bill for want of equity, or because the complainant had not shown a case entitling him to relief. There was a demurrer on the ground of staleness, and also of the statute of limitations. But it cannot be said that the bill was dismissed for want of equity, as shown on the face of the bill, or because the complainant's averments were not sufficient to entitle him to relief, in that he failed to aver recognition of his right by defendant.

Again, it is contended that the decree of the chancery court rested on the defense of the statute of limitations,—one of the grounds of demurrer. This defense was presented, as is allowable under the practice in Alabama, both by demurrer and by the answer. But the question of limitation involves the question of adverse possession, and the latter could not have been determined on the demurrer to the bill, because it does not appear from the bill that the defendant held the stock adversely. On the contrary, it appears therefrom that he held it permissively by, and in trust for, complainant. The evidence must have been considered by the court in order to determine the question of limitations, as well as that of staleness. The court could not have properly determined these questions from the averments of the bill. If it appears at the hearing of a case that it is liable to the objection of laches on the part of complainant, relief will be refused on that ground. Richards v. Mackall, 124 U. S. 183, 8 Sup. Ct. 437.

We do not think that the opinions of the chancellor and of the supreme court, which are set out and made parts of the plea, are any part of the judgment roll; nor do we deem it necessary to look at the opinions to ascertain the ground or reason for the judgment rendered in the cases in which they were pronounced, even if admissible for such purpose. But the supreme court does, in effect, hold that by the staleness of the complainant's claim, and its complete bar by the statute of limitations, the title to the stock in question vested absolutely in the defendant. Gilmer v. Morris, 80 Ala. 78.

Our opinion is that the record discloses that the dismissal of the bill in the state court was not on demurrer, or for any defects in the pleadings, but was upon the merits of the cause; and that the matters now alleged and involved in this litigation were actually presented and determined by the courts of the state of Alabama, and are not now open to appellee. "It is obvious that the good order of society requires that a cause once fairly heard on the merits should be conclusive between the parties; hence the plea of res adjudicata finds a place in every jurisprudence."

Decree reversed, and cause remanded to the circuit court, with directions to dismiss the bill, with costs.