JAROS HYGIENIC UNDERWEAR CO. v. FLEECE HYGIENIC UNDER-
WEAR CO. et al.

(Circuit Court, E. D. Pennsylvania. December 18, 1894.)

No. 23.

1. TRADE-MARK—"HYGIENIC."
    The word "hygienic," as applied to underwear, cannot be monopolized
    under the guise of a trade-mark.

2. SAME—REQUISITES OF.
    Not only priority is required in the appropriation of trade-marks, but
    the mark selected must be arbitrary, and not merely descriptive of the
    article to which it is applied or of some quality thereof.

3. RES JUDICATA—EVIDENCE—RECORDS.
    Where the pleadings in a suit in equity show a prior proceeding to which
    the parties were privies, but in which no opinion was filed to explain
    the decree, the whole record of the former proceeding is good evidence
    in the latter for the purpose of showing that the preceding adjudication
    was upon the same subject-matter as the latter, and, as such, an estoppel
    thereto.

4. SAME—WHAT CONSTITUTES.
    When it is shown that the subject-matter of a preceding suit was the
    same as that in issue, that the court had jurisdiction, that the parties to
    the second suit would have been concluded by a decree in the first, and
    that there was no technical or unsubstantial ground upon which the first
    suit could have been decided, the subject is res judicata.

## Hearing on bill, answer, and proofs.

This was a suit in equity, charging infringement of certain trade-mark
rights alleged to belong to the complainant. As originally filed, the bill of
complaint also charged infringement of a certain patent. By amendment, all
reference to the patent and charge of infringement thereof were subsequently
withdrawn. The bill set forth an allegation of title in the complainant and
its predecessors in the words "Hygienic," "Jaros Hygienic Wear," "Wool
Fleece Knit," and in the symbol of the sun with projecting rays. It set forth
that these four said trade-marks were registered in the patent office. It also
set forth the publication of a book with photolithographic cuts of persons
clothed in certain underwear, of advertising cards containing peculiar printed
matter, and averred the use of a peculiar system of enumeration for desig-
nating different sizes and qualities of underwear. It charged that the de-
fendant Rishel was the selling agent of the plaintiff, and, as such, became
acquainted with the above-mentioned trade-marks; that he organized the de-
fendant company, and began to infringe at various places, and more particu-
larly in the city of Boston, through a company known as the "William H.
Richardson Company." It averred the commencement of a suit by this com-
plainant against the said company, and the granting of a preliminary in-
junction therein; further averring that the said suit was defended by the
said defendants herein; and that, a motion having been made by them to
dissolve said injunction, the motion was denied; and that the said injunction
was still in force, and no further attempt to dissolve the same has been made.
The bill particularized that the defendants had infringed complainant's right
as follows: By the use of the word "Hygienic" as applied to underwear; by
the use of a symbol resembling that of the complainant's, viz. that of the sun
with projecting rays, surrounded by the words "Jaros Hygienic Wear"; by
the use of the words "Wool Fleece Knit"; by the use of said pictures of per-
sons clothed in said underwear; by the use of said peculiar system of num-
bers designating the quality of the fabric; by the use of advertising cards
containing the same formula of construction, basis, advantages, and diseases
indicated.

The answer, while admitting the registration of the said trade-marks, denied
that such registration gave the complainant any right in the premises. It

also averred that the said publications were not original with the complainant. It further averred that the suit above referred to had been brought to final hearing in the supreme court of Massachusetts, and had been dismissed, with costs; that the decision in said suit was an estoppel upon the present one. It denied the use of said trade-marks, except the word "Hygienic," which was part of its corporate title.

Under the evidence, the suit was narrowed down to the right of the use of the word "Hygienic," and the adjudication of the essential matters in dispute in favor of the defendants in the Boston suit; both parties being privies thereto, as admitted in the pleadings. In said case no opinion was rendered, but the entire record was put in evidence by the defendants, for the purpose of showing that the subject-matter was the same as in the present suit.

W. P. Preble, Jr., for complainant.
Jos. C. Fraley, for defendants.

DALLAS, Circuit Judge. The oral argument of the learned counsel of the complainant, and the brief which he has submitted, have, I believe, presented as forcibly as possible every consideration which could be urged on its behalf; but I have not been persuaded that it is entitled to the relief which it seeks. I do not deem it necessary to detail the facts, or to discuss the familiar principles of law which have been debated at bar. It must suffice to say that I am of opinion that the final decree of the Massachusetts court in the case of this complainant against the William H. Richardson Company is conclusive in the present one (Lyon v. Manufacturing Co., 125 U. S. 698, 8 Sup. Ct. 1024; Billing v. Gilmer, 8 C. C. A. 645, 60 Fed. 332; Castle v. Noyes, 14 N. Y. 329; Follansbee v. Walker, 74 Pa. St. 306; Frauenthal's Appeal, 100 Pa. St. 290; Spring Run Coal Co. v. Tosier, 102 Pa. St. 342; Finley v. Hanbest, 30 Pa. St. 190); and that, irrespective of that decree, the complainant has no right or title to such exclusive use of the word "Hygienic" as it claims. With reference to complainant's citation of Manufacturing Co. v. Ludeling, 22 Fed. 823, the attention of counsel is directed to National, etc., Co. v. Munn's, etc., Co., [1894] App. Cas. 275. Bill dismissed, with costs.