## DAVIS v. PRESTON.

1. D contracts with P to pay him 600 dollars, for his services in superintending
   certain mills, for twelve months from the first of January, 1839...300 dollars to
   be paid on the first of June, and 300 dollars at the expiration of the year. P
   voluntarily left the service of D in December...In an action by P on the con-
   tract, averring a breach in the non-payment of said sums of money, or either of
   them---*Held*, to be no error to refuse to charge. that the plaintiff was not enti-
   tled to recover, as his right to the 300 dollars first to be paid, was clear, however
   it might be as to the other.

WRIT of error to the Circuit Court of Baldwin county.

*Assumpsit* by Preston against Davis, upon an agreement in
writing made between the parties, the 31st January, 1839. By
the terms of the agreement, Preston undertook to stay at, super-
intend and keep in repair certain mills, belonging to Davis, for
twelve months from the 1st January of the same year. Davis,
on his part, agreed, at the expiration of six months from the 1st
January, to pay Preston 300 dollars, and 300 dollars more at the
expiration of the year, for the good performance by him of
what he had agreed to do. It was stipulated, that, if Preston
should wish to be absent from the business, he might be so on
giving timely notice to Davis, provided the mills were in a con-
dition to admit it; but he was not to be absent for more than ten
days at a time; and his wages, during his absence, were to be
deducted. It was also stipulated, that Preston should not return
to, or be, in a state of intoxication at any time, and, if he did, he
should forfeit fifty dollars for each offence, to be also deducted
from his wages. Some other stipulations were included, but
they do not affect the question raised.

The declaration sets out the contract at large, and avers per-
formance by the plaintiff of all things on his part to be done and
performed; and the breach is, that the defendant has not paid
the sums of money, or either, or any part of them.

The defendant pleaded *non-assumpsit*, payment, set off, and
accord and satisfaction; and the jury found a verdict for the
plaintiff for 571 dollars, on which judgment was given.

At the trial, the defendant offered evidence tending to prove that Preston had admitted that he voluntarily quitted the service of Davis on the 9th December, 1839 ; and, on this proof, requested the court to instruct the jury, that the condition of the agreement that Preston should serve twelve months, was a condition precedent ; and that the term of service must be performed before the plaintiff could recover in this action. This was refused.

The defendant then requested the charge, that, if the jury should believe that Preston voluntarily left the mill of Davis before the expiration of the twelve months mentioned in the agreemant, then that the plaintiff was not entitled to recover.

This was also refused, and the defendant excepted. These refusals to charge are now assigned as error.

BLOUNT, for the plaintiff in error, insisted, there could be no recovery on this contract, as the plaintiff voluntarily left the defendant's service before the expiration of the term agreed for. [Mortmain .v. Lepeaux, 6 Martin's Rep. 654 ; Thorp v. White, 13 John. 53 ; McMillon v. Vanderlip, 12 ib. 165 ; Read v. Moore, 19, ib. 337 ; Gray v. Gordon, 17 ib· 188 ; Norris v. Moore, 3 Ala. Rep. N. S. 676 ; Givhan v. Dailey, 4 ib. 336 ; Cunningham v. Morrell, 10 John. 203 ; Starke v. Parker, 2 Pick. 267.]

DARGAN, contra, contended, there was no error in the charge, as the plaintiff was certainly entitled to recover for the six months' service. [Cunningham v. Morrell, 10 John. 203 ; Few v. Marsteller, 2 Cranch, 24.]

. GOLDTHWAITE, J.—There is some doubt with us, whether the plaintiff was entitled, under this contract, to recover the three hundred dollars agreed to be paid at the expiration of the year ; but however this may be, that was not the question raised in the court below. The defendant there insisted, that no recovery against him could be had, unless the service was performed for the entire time ; and that the plaintiff's abandonment of his service previous to the expiration of the year, prevented any recovery in the action as brought. This view of the contract cannot be sustained. It is true, the argreement of the plaintiff was, to serve until the expiration of the year ; but the defendant was to pay him one half in June, and the other in January afterwards.

It may be conceded, therefore, that no recovery could be had for the last payment, and yet the right to receive the first would not be affected.

There is no doubt, we think, that a right of action accrued under this contract. The service contracted for was performed until the 1st of June, and the sum agreed upon was not then paid. The right of action for this sum being thus perfect, could not be destroyed by any subsequent conduct of the defendant; nor do we see how it could be affected by his claiming that more was due. The breach assigned in the declaration is, that neither of the sums of money, nor any part of them had been paid. The averment of performance is, that the plaintiff has done all things necessary on his part to be done; and it does not follow that, because the plaintiff has omitted to show he is entitled to recover both sums, that he is entitled to neither.

The case is not different from that of an agreement to pay a given sum in instalments; and in such, when the consideration of the payment is services, it is only necessary to show a performance, *pro rata.* [Cunningham v. Morrell, 10 Johnson, 203.] A contract for the payment of distinct sums at different periods, is very much in the nature of distinct contracts; and an action of debt for each sum will lie as it becomes due. [Few v. Marsteller, 2 Cranch, 24.]

This view shows, that the court below properly refused to give the charges requested. Whether the defendant might not have had another charge in his favor with respect to the second payment contracted to be made, need not be examined, as no opinion of the court was sought in that aspect of the case.

Judgment affirmed.