## HERRIN *vs.* BUCKELEW:

[CERTIORARI CASE FROM JUSTICE'S COURT.]

1. *Civil jurisdiction of justice of the peace.*—Where several promissory notes, each for a less: sum than fifty dollars, are executed at one and the same time, for a single debt amounting to the aggregate of their several sums, and are made payable on the same day, such notes are within the civil jurisdiction of a justice of the peace.

APPEAL from the Circuit Court of Randolph. Tried before the Hon. ROBERT DOUGHERTY.

THE agreed facts of this case are these: On the 26th January, 1858, Stephen W. Herrin borrowed $1260 from F. W. Buckelew, and, to secure the repayment thereof, executed to said Buckelew twenty-eight promissory notes, for $45 each, all dated on said 26th January, 1858, and payable on the 25th December next after date; which notes were also signed by J. M. Baker and James Saxon, as sureties for said Herrin, and co-makers with him. These notes being unpaid at maturity, Buckelew instituted separate suits on them against the makers, before a justice of the peace; all the suits being commenced on the same day. The defendants pleaded in abatement to the jurisdiction of the justice; but a demurrer was sustained to their plea, and judgment rendered against them in each of the cases. The cases were removed by *certiorari* into the circuit court, and were there consolidated. The defendants again pleaded in abatement, and a demurrer was again sustained to their plea; and this ruling of the court, to which they reserved, an exception, is the only matter assigned as error.

HEFLIN & FORNEY, for appellants.—1. The several notes were executed at one and the same time, for the same debt, and as parts of one and the same contract; and they are therefore to be construed as one instrument.—

*Glassell v. Chapman,* 13 Ala. 50; *Strong's Executors v. Brewer,* 17 Ala. 706; *Elliott v. McClelland,* 17 Ala. 206; *Dumas v. Hunter,* 17 Ala. 305; *Prater v. Darby,* 24 Ala. 496; *Doe* d. *Holman v. Crane,* 16 Ala. 570; *Trippe v. Trippe,* 29 Ala. 637. The notes are not the debt, but only the evidence of the debt.

2. A single and entire cause of action cannot be split up into several suits.— *Oliver v. Holt,* 11 Ala. 574; *De Sylva v. Henry,* 3 Porter, 321; *O'Neal v. Brown,* 21 Ala. 482; *Wittick v. Traun,* 27 Ala. 562; *Robbins v. Harrison,* 31 Ala. 162; 15 Wendell, 557.

3. At common law, a justice of the peace had no civil jurisdiction.—*Betner v. Marshall,* 17 Ala. 836; *Ellis v. White,* 25 Ala. 540; 7 Wendell, 435. Under the constitution of this State, (art. V. § 10,) his civil jurisdiction is limited to cases in which the amount in controversy does not exceed fifty dollars. To allow the parties, by such a device as appears in this case, to evade this constitutional provision, would enable them to do indirectly what they could not do directly, and to perpetrate a fraud on the jurisdiction of the justice. Moreover, consent of the parties cannot give jurisdiction of a subject-matter prohibited by law.— *Wyatt v. Judge,* 7 Porter, 37; *Winn v. Freele,* 19 Ala. 171; *Merrill v. Jones,* 8 Porter, 554; *Oakley v. Aspinwall,* 3 Comstock, 552.

C. D. HUDSON, *contra,* cited *Nibbs v. Moody,* 5 Stew. & P. 198; *Winston v. Majors,* 6 Ala. 659.

A. J. WALKER, C. J.—The only question of this case is, whether a justice has jurisdiction over suits upon the several notes, each under fifty dollars, into which a debt exceeding fifty dollars is divided. We decide the question in the affirmative. The jurisdiction of a justice of the peace extends to causes in which the amount in controversy does not exceed fifty dollars.—Constitution of the State of Alabama, art. V. § 10. Where suits are brought upon notes for less than fifty dollars, the amount in controversy

is under fifty dollars, notwithstanding each note may be for a part of a debt exceeding that amount. The splitting up of a debt into sums under fifty dollars, involves no fraud upon the jurisdiction of the court. The creditor may lawfully, by his own separate act, bring by a receipt a debt over fifty dollars within the jurisdiction of a justice of the peace ; and a *fortiori* may the same thing be done by the concurrent act of the creditor and debtor, in dividing a debt into several debts, each for an amount under fifty dollars. These propositions are well sustained by the authorities, and we need not elaborate them.— *Fortescue v. Spencer*, 2 Ired. Law, 63 ; *Dew v. Eastham*, 5 Yerg. 297 ; *Nibbs v. Moody*, 5 St. & P. 198 ; *King v. Dougherty*, 2. St. 487 ; *Baird v. Nichols*, 2 Port. 186. This court said, in *Nibbs v. Moody*, *supra*, that there was nothing, either in the constitution, or in the act defining the jurisdiction of a justice, to prevent the parties from reducing a debt, originally for more, to a less sum, and making it the amount in controversy; and that that might be done by the joint act of the parties, dividing the sum into new notes, by payment of part, and entering a credit on the note, or by the creditor's voluntary relinquishment of part. This statement of the law is entitled to our fullest approbation, both on account of its obvious correctness, and the long and uninterrupted acquiescence in it for more than twenty years.

Affirmed.