# Ryall *v.* Prince.

*Action by Assignee, for Installment of Purchase-Money.*

1. *Who is proper party plaintiff ; verbal transfer of debt evidenced by covenants in deed*—Under statutory provisions (Code, § 3603). changing the rule of the common law, a transferree of a claim for the unpaid purchase-money of land, evidenced by the covenants contained in a deed signed by both the vendor and the purchaser, may sue in a justice's court in his own name, although the assignment or transfer is not in writing.

2. *Action on debt payable in installments.*—When a debt is made payable by installments, though evidenced by a single writing, each installment is a separate demand as it becomes due, and a separate action may be brought on each.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. S. H. SPROTT.

This action was brought by A. C. Prince, against J. S. Ryall, and was commenced in a justice's court, on the 8th February, 1886. The cause of action was a claim for $45.20,

" as interest on a purchase of land, due on the 1st December, 1884 ;" and on appeal to the Circuit Court, the common counts were added to the complaint. The defendant pleaded the general issue, payment, former recovery, and a special plea, verified by affidavit, alleging that " the writing declared on has not been assigned to plaintiff ;" and issue seems to have been joined on all of these pleas. On the trial, the plaintiff proved that,. on the 9th November, 1882, J. E. Prince sold a tract of land to said J. S. Ryall, and he and his wife executed a conveyance to said Ryall, which was also signed by Ryall as party of the second part, and which contained a recital in these words : "And whereas the said Ryall is to pay $12.50 per acre for said lands, three-fifths in cash, and two-fifths on the first day of December, 1877, with interest at eight per cent. *per annum*, payable annually on the first day of December each year." The plaintiff then proved " a verbal transfer of the claim sued on to her before this suit was brought, and that, as each installment of interest fell due, on the first day of December, 1883, '84, '85, she demanded payment of defendant, who raised no objection, but only asked for further time, and agreed to pay." The defendant objected to the admission of the evidence as to a transfer, ." because such transfer was not in writing ;" and he excepted to the overruling of his objection. It was shown that the plaintiff had brought three separate suits, one on each installment, and recovered a judgment in the first, which was paid on the 9th February, 1886 ; and she also recovered a judgment in each of the others on the 23d February, 1886. These two cases were removed by appeal to the Circuit Court, "and this trial was as to the installment which fell due on the 1st December, 1884." This being all the evidence, the court charged the jury, on request, " that they must find for the plaintiff, if they believed the evidence." The defendant excepted to this charge, and he here assigns it as error, together with the admission of the evidence to which he objected.

GEO. W. TAYLOR, for the appellant, cited *Douglass v. Branch Bank*, 19 Ala. 659 ; 11 Ala. 574 ; 21 Ala. 482 ; 56 Ala. 368 ; 27 Ala. 228, 562 ; 31 Ala. 160 ; 68 Ala. 154 ; 69 Ala. 362 ; 3 Porter, 132 ; 24 Amer. Dec. 61 ; 74 *Ib.* 250 ; Freeman on Judgments, 252, 256, 263.

W. H. TAYLOE, *contra*, cited Code, § 3603 ; *Hill v. Huckabee*, 70 Ala. 183 ; Herman on Estoppel, §§ 277, 288, 133, 209 ; 47 Amer. Rep. 367 ; 94 U. S. 351 ; 1 Brick. Digest, 143–4, §§ 118–40.

[Ryall v. Prince.]

SOMERVILLE, J.—The action is one originally commenced in a justice's court, being brought by the plaintiff as the transferree of a certain sum due by the defendant for the purchase-money of land, and payable by the vendee to the vendor in annual installments. The promise to pay is evidenced by a covenant of the vendee contained in a deed, which is signed both by him and the vendor. The transfer to the plaintiff was verbal, and not by assignment in writing.

It is insisted that the rule of the common law applies, that a stranger to a deed can not sue upon a covenant between the parties to the instrument, although it may enure to his benefit.—*Douglass v. The Branch Bank*, 19 Ala. 659. The chief reason of this rule was, that, at common law, an action on a contract, whatever its nature, was required to be brought in the name of the party in whom the legal interest was vested. This rule is now modified by statute in this, and many other States. The provision governing actions in justices' courts, is found embodied in section 3603 of the present Code, and declares that " all actions brought before justices of the peace, founded on any contract, express or implied, must be brought in the name of the party really interested therein, whether he have the legal title or not." Code, 1876, § 3603. This section is manifestly broader in its scope than the analogous one applicable to actions brought in the Circuit Court, which provides that contracts " for the payment of *money*" only shall be " prosecuted in the name of the party really interested, whether he has the legal title or not."—Code, 1876, § 2890 ; *Levystein v. Marks*, 56 Ala. 564. The present action was one on a written contract for the payment of money, and the plaintiff was the party really and beneficially interested in it. It was, therefore, properly brought in her name, under either of the foregoing sections of the Code. The plaintiff acquired at least an equitable title in the claim sued on by the verbal transfer made to her, and this was sufficient to maintain the action.—*Carter v. Owens*, 41 Ala. 217 ; *Wood v. Cosby*, 76 Ala. 557. No written assignment was necessary. This is requisite only where the contract sued on is for the performance of some act or duty other than the payment of money.—*Skinner v. Bedell*, 32 Ala. 44 ; 1 Brick. Dig. 27, § 103 ; *Flexner v. Dickerson*, 65 Ala. 72 ; *Agnew v. Leath*, 63 Ala. 345 ; Code, 1876, §§ 2890, 3603, 2099.

2. The contract being to pay in annual installments, each default of payment was a separable and distinct demand, and the foundation of a distinct cause of action. It is only an indivisible and entire cause of action which can not be split up or divided into several causes of action, so as to

authorize a recovery for divided parts of it. Where a sum of money is payable in installments, the rule in this State is to consider each default of payment a separable and disconnected cause of action, upon which a separate suit may be brought just as if each installment was evidenced by a separate coupon. This view is in harmony with our own decisions, although a contrary doctrine prevails in some of the other States.—*Wilkinson v. Black*, 80 Ala. 329 ; *Strauss v. Meerteif*, 64 Ala. 299 ; *Davis v. Preston*, 6 Ala. 83.; *Robbins v. Harrison*, 31 Ala. 160. Cases of this kind are entirely unlike that of a continuous running account between the same parties, which is not susceptible of division, and involves only a promise to pay in the aggregate, and not for each separate item.—*Oliver v. Holt*, 11 Ala. 574. The agreement to pay in separate installments was the concurrent act of the creditor and debtor, by which they divided one debt into several debts, thereby authorizing as many separate actions as there were installments, each being within the lawful jurisdiction of a justice of the peace, at the option of the plaintiff.—*Herrin v. Buckalew*, 37 Ala. 585.

We find no error in the rulings of the court, and the judgment must be affirmed.