# McTighe & Co. *v.* McLane.

### *Action for Breach of Contract for Work and Labor.*

1. *Remedies for breach of contract; former recovery.*—For a breach of contract by the employer in failing to furnish scrapers for use in the construction of a railroad bed, whereby the cost of removing dirt would be lessened, the contractor may treat the contract as ended, and recover damages for the breach ; or he may complete the work without the scrapers, and recover its value on a *quantum meruit;* but, if he recovers on a *quantum meruit,* or on an account stated after the completion of the work, he can not afterwards maintain an action for damages on account of the failure to furnish scrapers.

APPEAL from the City Court of Selma.
Tried before the Hon. JONA. HARALSON.

G. A. ROBBINS, for appellant, cited Freeman on Judgments, § 288; *Duchess of Kingston's Case,* 2 Smith's L. C. 609 (573); 1 Greenl. Ev. §§ 528–9 ; *Chamberlain v. Gaillard,* 26 Ala. 504; *Gilbreath v. Jones,* 66 Ala. 129; *McCall v. Jones,* 72 Ala. 368; *Haas v. Taylor,* 80 Ala. 459 ; *Robinson v. Bullock,* 66 Ala. 548 ; *Strauss v. Meertief,* 64 Ala. 299; *Dicks v. Belsher,* 80 Ala. 369.

PETTUS & PETTUS, *contra,* cited *S. & N. Ala. Railroad Co. v. Henlein,* 56 Ala. 368; *Foster v. Napier,* 73 Ala. 595; *O'Neal v. Brown,* 21 Ala. 482 ; 1 Brick. Digest, 26, § 89 ; 3 *Ib.* 25, §§ 42–3.

COLEMAN, J.—The present suit was brought to recover damages for an alleged breach of contract, the breach consisting in the failure to deliver six scrapers. The defendant pleaded in bar a former recovery. The court gave the general charge for the defendant, and the giving of this charge is the only assignment of error.

To sustain his plea, the defendant offered in evidence the entire proceedings of the attachment suit mentioned in the plea. The complaint in the attachment suit was in two counts, each for the sum of $2,046 ; the first count being upon an account stated, and the other in *quantum meruit* for the work and labor performed. The attachment suit was prosecuted to judgment, and the payment of the judgment. The

[McTighe & Co. v. McLane.]

evidence showed that, on the trial of the attachment suit, both parties testified as to a contract. On cross-examination, the plaintiff, among other facts, stated "that, on the trial of the former suit, he testified about all the work he did under that contract, the prices to be paid, how much had been paid." He further stated, "I was then claiming balance due me on account of work done, including all the work done under the contract."

The plaintiff further testified, that it was worth more to do the work without scrapers than with them, and that defendant refused to furnish the scrapers, and he did the work without them. The record does not show whether the judgment recovered was upon the stated account, or upon a *quantum meruit* basis. Defendant's evidence tended to show that, on the former trial, each party gave his version of the contract, and also as to the value of the work done.

If, after the completion of the work, there was an agreed balance due plaintiff, as upon account stated under the contract, and suit was brought, and judgment recovered for this balance, plaintiff can not recover another judgment for a breach of the contract. If defendant refused to furnish the scrapers, and plaintiff completed the work without them, and sued in *quantum meruit* for the work done, and recovered, he can not afterwards maintain an action for the breach of the contract, to recover the difference between the cost of the work without the scrapers, and with the scrapers.—*Danforth & Armstrong v. Tenn. & Coosa R. R. Co.*, p. 614.

Plaintiff had his election, if defendants were guilty of a breach of their contract, in refusing to furnish the scrapers, to treat the contract as ended, and sue and recover damages for the breach; or, if he prosecuted the work to completion; and an account was stated between them under the contract, he could sue upon the stated account; or, if there was a breach by defendant, he could have considered the contract as rescinded, upon the failure to deliver the scrapers, and recovered upon a *quantum meruit* for the work done.—*United States v. Behan*, 110 U. S. 345. A recovery upon the *quantum meruit* counts necessarily was a waiver of any subsequent action for breach of the contract, and the recovery upon a *quantum meruit* count would be based upon a valuation without the use of the scrapers. The pleadings and evidence bring this case fairly within the rule as declared in *Haas v. Taylor*, 80 Ala. 463.

The plea presented a complete bar to the second suit, if sustained by proof. It was proper and competent to show, on the second trial, the evidence offered to sustain the complaint

[McTighe & Co. v. McLane.]

in the first suit.—*Liddell v. Chichester*, 84 Ala. 508; *Haas v. Taylor*, 80 Ala. 463; *Foster v. Napier*, 73 Ala. 595; *N. & S. R. R. Co. v. Henlein*, 56 Ala. 374; Freeman on Judgments, § 259.

Affirmed.