# Callan *v.* Anderson.

### *Action on Promissory Note..*

1. *Res adjudicata.*—In an action on a promissory note for the balance due thereon, where there is conflicting evidence as to the date on which the balance is due, and also as to whether the amount expressed in the note was to be paid by installments or in gross, and the total amount was two hundred dollars, and plaintiff had recovered one hundred dollars of this sum in a former action, the judgment recovered

in the former action is conclusive that the amount recovered by the action was due at the time there alleged, but is not conclusive as to whether the debt was payable in gross or by installments, since the determination of that fact was not essential to the finding of the former verdict.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. A. H. ALSTON.

This was an action of assumpsit brought by the appellee, J. F. Anderson, against T. E. Callan, to recover $100 alleged to be due as a balance of purchase money of lands sold by plaintiff to defendant. The defendant pleaded the general issue and special pleas, in which he set up that the cause of action by the plaintiff for the amount due on the purchase money of the lands sold to the defendant was one entire cause of action and could not be split up into two or more suits; and that at the last term of the court the plaintiff had sued on said cause of action and recovered of the defendant the amount claimed in the complaint in the former suit, and that this judgment was a bar to the recovery in the present action. Issue was joined on this plea.

The evidence for the plaintiff tended to show that in the fall of 1897, John F. Anderson sold to the defendant a tract of land, the purchase price of which was $1,200, $1,000 to be paid in cash and the remaining $200 to be paid in two installments of one and two years after date; that it was a part of the contract of sale that the defendant, who was the purchaser, should execute his two notes for $100 each, but that he had failed to do so; that the plaintiff at the former term of the court, after December, 1898 (the time of the maturity of the first payment), had instituted a suit against the defendant and had recovered judgment thereon for $100; and that the present suit was for the remaining $100, as balance due on the purchase price of said lands. There was introduced in evidence the pleadings and the judgment in the former suit. The amended complaint upon which that cause was tried sought to recover $100. The defendant pleaded nonassumpsit, and that he was not indebted to the defendant by reason of the failure of the consideration and defect in the title. The judgment entry showed that the

plaintiff had recovered in the suit for $100 with interest.

Upon the cross-examination of the plaintiff as a witness, he testified that when the former suit was first instituted it was for the full amount of $200, but that the complaint was subsequently amended so as to seek a recovery for $100.

The defendant, as a witness in his own behalf, testified that he was indebted to the plaintiff in no sum whatever; that the agreed purchase price of the property was $1,000, and the deed so recited the consideration; but that it was understood between him and the plaintiff that if all of the lands purchased lay on one side of a creek the defendant would give to the plaintiff $200 more for the lands; that after this agreement the lines of the lands were run out by a surveyor, and it was ascertained that the lands lay upon both sides of the creek and not upon one side, and that, therefore, . he was never indebted to the plaintiff in the sum of $200. The defendant further testified "the $200 which I was to pay him was a lump sum and not in installments, and was to be paid in one and two years as I might elect."

At the conclusion of the testimony of the defendant as a winess the plaintiff's attorney moved to exclude all of his testimony. The court granted this motion, and the bill of exceptions recites that the court stated "the judgment entry was an adjudication of the facts that he, Callan, was to pay in installment of one and two years." To this ruling the defendant duly excepted.

There were other witnesses introduced by the defendant, whose testimony tended to show that the $200 which was to be paid by the defendant was to be in one installment, and not in two installments, as claimed by the plaintiff.

Upon the introduction of all the evidence the court, at the request of the plaintiff, gave to the jury the general affirmative charge in his behalf. To the giving of this charge the defendant duly excepted.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several

rulings of the trial court to which exceptions were reserved.

J. E. Brown, for appellant.—(1.)   The question whether the balance of the purchase money was payable by installments or in gross was not made *res adjudicata* by the first suit.—3 Brick. Dig., p. 580, § 75; *Gilbreath v. Jones,* 66 Ala. 129; *McCall v. Jones,* 72 Ala. 368. (2.)  If not *res adjudicata,* the court erred in giving the affirmative charge.—*Clarke v. Goddard,* 39 Ala. 164; *M. & G. R. R. Co. v. Williams,* 52 Ala. 278; *Weaver v. Shropshire Heirs,* 42 Ala. 230; *Bank of Montgomery v. Plannett's Admr.,* 37 Ala. 222; *Max v. Bell,* 48 Ala. 497; *M. & O. R. R. Co. v. Hopkins,* 41 Ala. 486.   (3.)  Party not allowed to split up cause of action.—*Foster v. Napier,* 73 Ala. 595; *Berringer v. Payne,* 63 Ala. 154; *S. & N. R. R. Co. v. Henlien,* 56 Ala. 368; *Campbell v. Hatchett,* 55 Ala. 548.

Martin & Bouldin, *contra,* cited *Liddell v. Chidester,* 84 Ala. 508; *Rake's Admr. v. Pope,* 7 Ala. 161; *Strauss v. Meertief,* 64 Ala. 299.

McCLELLAN, C. J.—As we understand the testimony of Callan in regard to the payment of the two hundred dollars balance of the purchase price of the land, it contains two separable statements of facts; *first,* that the sum was to be paid in gross at one time and not in instalments of one hundred dollars or other amounts, and, *second,* that this lump sum was to be paid at his election either in December, 1898, or in December, 1899. The judgment in the former suit, begun after December, 1898, and before December, 1899, for one hundred dollars is confessedly conclusive that Callan was mistaken in his statement that no part of the sum was due before December, 1899, and that one hundred dollars of it was due in December, 1898: To this extent that judgment is *res adjudicata.*   But is that judgment conclusive against the other statement of Callan that the balance was due and payable in a lump sum and a thing adjudged that such balance was payable in instalments? To have that effect it must appear that the fact that the

balance was payable in instalments and not in gross "was essential to the finding of the former verdict" upon which was entered the judgment now claimed to be conclusive upon the issue. Very clearly such fact was not essential since the plaintiff in that action was equally entitled to verdict and judgment for one hundred dollars whether one hundred only or two hundred was then due—whether the balance of two hundred dollars was due and payable on December 25th, 1898, or one hundred of it was then due and the other hundred one year from that time. There is no objection to a first suit for a part of a sum due: It is only when the creditor brings a second action for the balance not claimed in the first that he gets into trouble and is barred by the rule against splitting causes of action. He may sue once for any part, but he cannot sue a second time for the balance not recovered in the first suit. So that it is plain to us that the former judgment against this defendant was not an adjudication that the two hundred dollars balance was payable in instalments and not in gross, because that conclusion was in nowise essential to its rendition. The fact that payments were to be made in instalments not being concluded by the judgment in the former suit, it was for the determination on the evidence in this action whether the balance of purchase money for the land was so payable or payable in gross at one time. We know of no principle upon which it can be said as matter of law that a fact does not exist because the witnesses who depose to it depose also to another fact which has been adjudged not to exist when it is possible for the former to exist without the existence of the latter. Here it obviously may be true that, as testified by and for Callan, the two hundred dollars balance was due and payable in a lump sum though the former judgment conclusively determined that the other fact deposed to by Callan and his witnesses, viz., that this lump sum was not due until December 25th, 1899, was untrue. Whether the evidence of the former fact was true notwithstanding the falsity of the latter had been adjudged, was, therefore, a question for the jury, the evidence should have been left with them, and the affirmative charge for the plain-

tiff, which denied them the right to pass on this issue, should not have been given.

The case of *Liddell v. Chidester*, 84 Ala. 508, chiefly relied on by appellee, does not support the rulings below, but, to the contrary, the principles there declared fully sustain the views we have expressed. In that case the question was whether the salary of a clerk was due and payable in gross for the year or in instalments for each month. In a former action the clerk had sued for the wage of a month and had recovered, he having been discharged and the suit being brought at the end of the first month afterwards. In the case reported the suit was for the balance of salary for the remainder of the year, and the defense was that the plaintiff's only claim was for the salary in gross for the year, and that having sued for and recovered a part of it commensurate with his services for one month, he thereby split his cause of action and could not bring another suit for the balance. Manifestly he had no right of action for one month's salary unless his compensation was due and payable by the month—in monthly instalments so to say. Hence the establishment of the fact that it was so due and payable "was essential to the finding of the former verdict" and rendition of judgment thereon; and that judgment was, therefore, conclusive that the salary was payable in monthly instalments, so that a separate cause of action arose at the end of each month, the prosecution of which to judgment was the recovery of the whole of the sum then due and not the splitting up of a then existing cause of action, leaving a balance for attempted recovery in a subsequent suit. The court in concluding the discussion of this question in that case said: "If the contract was for the payment of one thousand dollars in gross at the end of the year, * * * that suit was prematurely brought, and there could have been no recovery. It was indispensable to plaintiff's right of recovery to show that by the terms of the contract his wages were due in monthly instalments, one instalment of which had matured. This was 'essential to the finding of the former verdict.'" As we have seen it was not essential to the former judgment pleaded in the case at bar for the plaintiff to show that the two

hundred dollars were due in instalments: He was equally entitled to judgment for one hundred dollars whether that sum or two hundred dollars were due at the time; and if the latter sum was then due, as it was open to the jury to find, he cannot maintain this suit for the remaining one hundred. The other cases cited for appellee—*Rake's Admr. v. Pope*, 7 Ala. 161 and *Strauss v. Meertief*, 64 Ala. 299—are even more plainly out of line with the action of the circuit court than *Liddell v. Chidester*.

Reversed and remanded.