[Ebersole v. Daniel.]

# Ebersole *v.* Daniel.

### *Assumpsit.*

(Decided April 10, 1906. 40 So. Rep. 614.)

*Judgment; Res Adjudicata; Splitting Cause of Action.*—The defendant being indebted to plaintiff by account running through several months, gave plaintiff a note for part of the account, on which plaintiff sued and obtained judgment and which judgment defendant paid, later plaintiff sued defendant on the common counts for balance due on account; Held, the cause of action accruing at the maturity of the note was not the same cause of action for the amount still due on the account.

[Ebersole v. Daniel.]

and the suit and recovery upon the note was not a bar to an action for the balance of the account, either as *res adjudicata*, or on the ground that it was a splitting of causes of action.

APPEAL from Birmingham City Court.

Heard before HON. CHARLES A. SENN.

Action by Daniels against Ebersole. The nature and character of the action together with the facts in the case are sufficiently stated in the opinion of the court.

A. LATARDY, for appellant.—Defendant having proven his plea, was entitled to verdict.—*McGhee v. Reynolds*, 117 Ala. 413; *Gerald v. Tunstall*, 109 Ala. 567. Plaintiff could not split up his cause of action which had no other foundation than the brick and sand sold and delivered, the entire amount being due when the suits were brought.—*Liddell v. Chidester*, 84 Ala. 508; *R. R. Co. v. Henlein*, 56 Ala. 368; *O'Neal v. Brown*, 21 Ala. 482; *Oliver v. Holt*, 11 Ala. 574; *Lagerfeldt v. McKee*, 100 Ala. 430.

JOHN VARY and HENRY UPSON SIMS, for appellee.—(Counsel discuss the questions raised, but cite no authority.)

WEAKLEY, C. J.—Daniel sued Ebersole on the common counts for a sum of money claimed to be owing for deliveries of brick and sand. The amount claimed was the aggregate of all the items of the account running through a series of months, without regard to payments made or to a note for $100, which the defendant had given the plaintiff on account. The defendant first filed two pleas—the general issue, and a plea setting up that defendant had paid plaintiff on account, "first, a note for $100, on which plaintiff has instituted suit in this court for a balance due thereon of $60," and also "that defendant had paid plaintiff $157.50," which several sums the defendant, by the plea, offered to set off against any amount which plaintiff might show to be due him for brick and sand delivered.

Although in form a plea of set-off, the foregoing would

seem to be in substance a plea of partial payments, and he had the benefit thereof in this case. Later the defendant filed a third plea, since the last continuance, whereby he interposed the defense, which he claims to have proven, and upon which he relies to justify the affirmative charge in his behalf, which he requested, and which the lower court refused; this ruling of the city court forming the predicate for the single assignment of error. In substance the said plea averred that upon a day named, in a cause between the parties, in the same court, the plaintiff recovered against the defendant a judgment for $85.20, which he had paid, and that the present action and the one in which said recovery was had "are for one and the same obligation resting on this defendant in favor of this plaintiff, arising out of the sale and delivery to this defendant of certain brick and sand sold by the plaintiff to the defendant." The proof, without conflict, showed that the recovery in the other case was had upon the note of the defendant, given and credited upon the account, for which the present suit was brought; and the defendant himself testified that after deducting said note, and payments from the amount he admitted having owed the plaintiff, there yet remained due to the plaintiff the sum of $199.92.

We do not concur in the contention that this suit and the other were for "one and the same obligation," in the language of the plea. The obligations were separate and distinct. It is not claimed that the note was accepted and given in full satisfaction of the account, but that to allow a recovery at all in this case, even for the balance admitted to be owing, after deducting the amount of the note and payments—such reduced amount being that for which the plaintiff actually obtained judgment in the record before us—would be an unauthorized splitting up of the plaintiff's cause of action. The question, then, is whether a creditor may accept from his debtor by open account a note as a partial credit or payment and recover on the note in a suit against the maker, the note being unpaid at maturity, and thereafter recover a judgment for the balance of the account. Or, to state

[Ebersole v. Daniel.]

it differently, does a creditor, taking a note as a partial credit upon an account, lose or abandon the balance of his claim by enforcing satisfaction of the note by suit. It would certainly require very clear and direct authority to induce us to hold that consequences so disastrous would follow such a common and innocent proceeding. The authorities cited by counsel for appellant do not sustain his proposition. They but assert the familiar rule that a single and entire cause of action may not be split up into two or more suits.—*Liddell v. Chidester,* 84 Ala. 508, 4 South. 426, 5 Am. St. Rep. 387; *Railroad Co. v. Henlein,* 56 Ala. 368; *O'Neal v. Brown,* 21 Ala. 510.

In *Oliver v. Holt,* 11 Ala. 547, 46 Am. Dec. 288, also relied on, it was held that a running account, entirely due, constituted but a single cause of action, and that a suit and recovery of judgment for part of an account is such an abandonment of the residue that no action can afterwards be maintained upon it. That authority is not applicable to this controversy. There is evidence to the effect that the note was taken as payment upon the account. When the note was not paid at maturity, and the residue of the account was not discharged when due, the plaintiff had two separate and distinct causes of action, supportable by different evidence, and the recovery upon the note was no obstacle to obtaining a judgment for the residue of the claim. Although this suit was brought for the whole amount of the account, as originally contracted, the defendant had the right, of which he availed himself, to plead his payments and thus prevent a recovery for an excessive sum. The larger claim did not render the present suit one for the same obligation, that was enforced in the action upon the note, within the rule against splitting up a single cause of action. A just and proper result was reached in the lower court, and its judgment will be affirmed.

Affirmed.

TYSON, SIMPSON, and ANDERSON, JJ., concur.