# Gravette *v.* The Allen Graphite Co.

### *Breach of Contract.*

(Decided June 30, 1911.   56 South. 17.)

*Abatement and Revivor; Another Action Pending; Identity of Cause.*—Where plaintiff and defendant entered into a contract in the month of March by which it was agreed that plaintiff should haul for defendant all the coal and graphite to and from defendant's mine, except such as was hauled by the defendant's team and was to receive a stipulated sum per month payable on the 5th of each month, the contract to continue for the balance of that year, a breach of the contract occurring during any month constituted a cause of action, plaintiff not being bound to accept defendant's first breach as a termination of the contract, but was entitled to maintain other actions based on subsequent breaches in other months; hence, the fact that the plaintiff had an action pending against the defendant for damages for a breach of the contract suffered between the time of its execution, and October 31st, was not good grounds for the abatement of an action begun by plaintiff against the defendant for breach of the contract during the months of November and December.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Action by T. B. Gravette against The Allen Graphite Company, for breach of contract.   From a judgment for defendant on his plea in abatement, plaintiff appeals.   Reversed and remanded.

WHATLEY & CORNELIUS, for appellant.   The court erred in rendering judgment on the plea in abatement in favor of the defendant.   At the end of each month a cause of action arose upon a breach of either of the contracts.—*Cornelius v. Hatchett,* 55 Ala. 548; *S. & N. R. R. Co. v. Henline,* 56 Ala. 368; *Strauss v. Mertief,* 64 Ala. 299; *Ryall v. Peace,* 82 Ala. 264; *C. M. & B. R. R. Co. v. Robertson,* 109 Ala. 296; *Nicrosi v. Rosewald,* 113 Ala. 592.

[Gravette v. The Allen Graphite Co.]

Knox, Acker, Dixon & Blackmon, for appellee. The contract was not an installment contract, and under it there is never a time when anything is due unless the plaintiff does do hauling for the defendant, and the defendant would never be bound to furnish graphite, etc., to be hauled.—*Fayles v. McRee*, 30 Ala. 61; *Ramey v. Holcombe*, 21 Ala. 567. The contract is entire, and being entire there can be but one breach, and one action therefor.—Authorities supra; *Mason v. Ala. I. Co.*, 73 Ala. 270; 7 A. & E. Enc. of Law, 96.

WALKER, P. J.—This is an action to recover damages resulting from the breach of a contract entered into on or about the 1st day of March, 1909, under which the plaintiff was to haul for the defendant, for the remainder of that year, all the coal and graphite to be hauled to and for the defendant's graphite mines, other than what should be hauled by two teams belonging to the defendant, the contract naming the price to be paid, and stipulating for monthly payments to be made on the regular pay days of the defendant, which were the fifth day of each month. The complaint alleged that, though the plaintiff was ready and willing to perform the contract on his part, defendant did not permit him to do the hauling stipulated for, but had it done by others; and the damages claimed were based on losses suffered by plaintiff in consequence of defendant's breach of the contract during the months of November and December, 1909. The defendant pleaded in abatement of this action the pendency of a suit previously instituted by the plaintiff against the defendant, alleged to be based on the same cause of action as that which is the basis of this suit. On the trial of the issue made on that plea, the court, on proof of the pendency of a former action, instituted, on November 13, 1909, by the

plaintiff against the defendant, in which a breach of the same contract was alleged, but in which the damages claimed were those suffered by the plaintiff, "between the making of the contract and the 31st day of October, 1909," found in favor of the defendant, and rendered its judgment abating the suit.

We are of the opinion that the court was in error in its conclusion that the proof offered supported the averments of the plea in abatement. The ruling of the court seems to have been based on the assumption that the effect of any breach of the contract by the defendant was to vest in the plaintiff a single and indivisible cause of action, and that the bringing of this suit while the former suit was pending was in disregard of the rule against splitting a single cause of action into two or more suits. The assumption was unfounded. The rule mentioned is not applicable to the state of facts disclosed by the proof in this case. Under a contract for services to be performed during a stated period, which provides for monthly payments to be made for the services performed during each month included in such period, a breach of the contract during any month, having the effect of depriving the plaintiff of a payment which would have been due to him at the end of that month if he had been permitted to perform the stipulated services during that month, is the foundation of a distinct cause of action, and the several monthly breaches are not to be considered as together constituting one indivisible and entire cause of action. "It is only an indivisible and entire cause of action which cannot be split up and divided into several causes of action, so as to authorize recovery for divided parts of it. Where a sum of money is payable in installments, the rule in this state is to consider each default of payment a separable and disconnected cause of action, up-

[Gravette v. The Allen Graphite Co.]

on which a separate suit may be brought just as if each installment was evidenced by a separate coupon."— *Ryall v. Prince,* 82 Ala. 264, 2 South. 319. "A contract for the payment of distinct sums at different periods is very much in the nature of distinct contracts; and an action of debt for each sum will lie as it becomes due." —*Davis v. Preston,* 6 Ala. 83. The statement just quoted is in harmony with many later rulings in this state and in other jurisdictions.—*Struss v. Meertief,* 64 Ala. 299, 38 Am. Rep. 8; *Ryall v. Prince, supra; Liddell v. Chidester,* 84 Ala. 508, 4 South. 426, 5 Am. St. Rep. 387; *Moore v. Johnson,* 108 Ala. 324, 18 South. 825; *Callan v. Anderson,* 131 Ala. 228, 31 South. 427; *Ebersole v. Daniel,* 146 Ala. 506, 40 South. 614, 119 Am. St. Rep. 52; 23 Cyc. 444. An application of the principles announced in the authorities just cited leads to the conclusion that this suit is not founded on the same cause of action as was the basis of the suit which was pleaded in abatement, and that the court was in error in its ruling to the contrary. Rulings relating to contracts not presenting the feature of payments to be made at intervals during the term covered by the contract for the services rendered between such intervals are not applicable.

This case illustrates the propriety and justice of the rule above stated. When the suit which was pleaded in abatement of this action was brought a claim by the plaintiff to the damages he afterwards sustained by the continued refusal of the defendant to permit him to do the hauling had not accrued, and could not have been asserted or proved when that suit was brought, as the nature of the contract was such—by its terms the plaintiff being entitled to do only such hauling as the defendant required in addition to what was done by its own teams—that whether or not during any month the

plaintiff was entitled to do any hauling was contingent
upon the defendant having coal or graphite to be haul-
ed.　Such being the case, if the trial court was right in
its conclusion that the defendant's refusal to permit the
plaintiff to render the stipulated services constituted
a single breach of the contract, entitling the plaintiff to
maintain but one cause of action based upon such
breach, then, on such refusal by the defendant while
the contract had yet some time to run, the plaintiff was
confronted with the alternative of either waiting until
the entire period covered by the contract had elapsed
before bringing any suit or foregoing his claim to dam-
ages that might subsequently accrue during the remain-
der of the period covered by the contract.　Such a result
would not consist with a due recognition of the plain-
tiff's rights under the contract.　Its terms were such as
to entitle him at the end of any month to whatever ben-
efit would have accrued had he been permitted to per-
form the stipulated service during that month.　The
wrongful act of the defendant in depriving him of that
benefit was a separate and distinct breach of duty en-
titling the plaintiff at once to maintain an action there-
for.　And the plaintiff could not be compelled to ac-
cept the defendant's breach as a termination of the con-
tract.　He could elect to treat the breach as continuing,
and, keeping himself in readiness to perform the con-
tract on his part, could maintain other actions based
on subsequent similar breaches of duty on the part of
the defendant.—*Strauss v. Meertief, supra*.　The con-
tract entitled the plaintiff to its benefits in part at the
several intervals named.　The pendency of an action
based on one deprivation of such benefits does not con-
stitute a ground for abating a subsequent action based
on another breach of duty by the defendant resulting in
depriving the plaintiff of other benefits under the con-

tract to which afterwards he became entitled.. The law does not say that there can be only one action and one recovery when the parties themselves provide for several payments to be made at stated intervals during the period covered by the contract.

Reversed and remanded.