# Mason, *et al. v.* Mason.

*Assumpsit.*

(Decided June 4, 1912. 59 South. 669.)

1. *Judgment; Res Judicata; Scope.*—A judgment or decree of a court of competent jurisdiction becomes res adjudicata and conclusive as to a subsequent suit when it is ascertained that the subject matter of the two suits is the same and the issues in the former suit broad enough to have comprehended all that was involved in the issues of the second suit; the inquiry being not what was actually litigated but what might and ought to have been litigated in the former suit.

2. *Same; Conclusiveness.*—Where a bond to obtain a dismissal of bastardy proceedings bound the obligors to pay the penalty of the bond unless the principal obligor fully complied with his agreement to marry the plaintiff and properly maintain her and her child until he became twenty-one years of age, and having breached his agreement, plaintiff sued, claiming as damages the penalty of the bond alleging as a breach thereof that the principal obligor had wrongfully failed and refused to maintain and support her and her child, but that after marrying her he wrongfully abandoned her and left the state for parts unknown, etc., such a complaint was sufficiently broad enough to include damages for a total breach of the contract, including those to accrue in the future, and a judgment for plaintiff therein was conclusive against her right to recover damages subsequently accruing.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Mattie Mason against John Mason and others for breach of the conditions of a bond. Judgment for plaintiff and defendant appeals. Reversed and remanded.

STREET & ISBELL, for appellant. The demurrers should have been sustained, since it appeared from the com-

[Mason, et al. v. Mason.]

plaint that this was a second suit on the same bond, and was for damages which accrued since the date of the last judgment.—*Liddell v. Chidester,* 84 Ala. 508; *Fail v. McCree,* 36 Ala. 61; *R. R. Co. v. Henline,* 56 Ala. 368; *R. R. Co. v. Robinson,* 109 Ala. 296; 23 Cyc. 1174; 1 Enc. P. & P. 148-153.

JOHN A. LUSK & SON, for appellee. If breaches occur at successive periods in an entire contract, an action will lie for each breach so long as the aggregate recoveries do not exceed the amount of the bond.—Sections 2494 and 505, Code 1907; 1 Ala. App. 660; 9 Ala. 292; 24 Ala. 200; Chitty on Contracts, sections 21 and 22; 1 Chitty on Plead. 221.

WALKER, P. J.—This was an action against the sureties on a bond in the sum of $500, made to the plaintiff (the appellee here) in consideration of the dismissal of bastardy proceedings instituted by her against the principal in the bond, whereby the obligors agreed to pay said amount unless the principal obligor fully complied with his agreement "to marry the said Mattie Cooley and properly maintain her during life and to support and maintain the child till it becomes 21 years old" the bond containing a provision that it should become void in the event of the death of the principal obligator. The defendants pleaded the recovery by the plaintiff of a judgment against them in a former suit on the same bond and the payment by them of such judgment, which was for $150 and the costs of the suit. The pleadings in the former suit were made exhibits to the plea. The court sustained the plaintiff's demurrer to that plea. This action of the court is assigned as error.

In the argument made in support of this ruling the counsel for the appellee contend that the damages sued

for in the present action, as stated in the complaint, were "damages accruing for breaches of said bond since October 6, 1910"—the date of the judgment in the former suit—and that therefore the right to recover them in this action is not affected by the judgment which is pleaded as a former recovery on the same cause of action. "A judgment or decree of a court of competent jurisdiction is conclusive, and becomes res adjudicata, as to a subsequent suit, when it is ascertained that the matters of the two suits are the same and the issues in the former suit were broad enough to have comprehended all that was involved in the issues in the second suit; the inquiry being, not what the parties actually litigated, but what they might and ought to have litigated in the former suit."—*Wood v. Wood,* 134 Ala. 557, 33 South. 347; *Drinkard v. Oden,* 150 Ala. 475, 43 South. 578; *Tankersley v. Petis,* 71 Ala. 179.

The question, then, is as to whether the issues in the suit, the judgment in which is the matter pleaded, were broad enough to comprehend the claim asserted in the present suit. There is nothing in the terms of the complaint in the former suit to indicate that the plaintiff therein was confining her claim to only such damages as she had sustained by the failure of the principal in the bond to support and maintain herself and her child up to the date either of the institution of the suit or of the trial of it. By that complaint the plaintiff claimed as damages the sum of $500, which was the amount of the penalty of the bond sued on, and the breach of the condition of the bond which was alleged was that the principal therein "wrongfully refuses and fails to support and maintain her, and wrongfully refuses and fails to support and maintain said child, but has, after marrying said Mattie Cooley, this plaintiff, wrongfully abandoned her and left the state of Ala-

[Mason, et al. v. Mason.]

bama, and gone to parts unknown to this plaintiff, to
the damage of the plaintiff, as above stated." Unless
the law restricted the damages recoverable in that form-
er suit to compensation for the past failure of the prin-
cipal in the bond to furnish the stipulated maintenance
and support, it cannot well be said that the plaintiff
therein so stated her claim as to show that she was
seeking to recover only such compensation.

Conceding that the contract was not entire, so that
only one suit could have been maintained for the breach
of it (Code, § 2505), and that successive actions might
have been brought upon it under the statute (Code, §
2494) allowing this "whenever, after the former action,
a new cause of action arises therefrom," yet if the
plaintiff had the right, on the state of facts averred in
the complaint in her former suit, to recover damages
for the breach of the contract as a whole, the amount
of the claim asserted by her in that suit, and the com-
plete and final abandonment of his obligation by the
principal in the bond there averred, persuasively in-
dicate that that suit was an effort on the part of the
plaintiff to recover everything that was then recoverable
in a suit on the bond. Certainly it cannot be said that
it clearly appears, from the terms of the complaint in
that former suit, that it was based upon a cause of ac-
tion separate and distinct from the one subsequently
counted. on, as was the fact in the case of *Gravette v.
Allen Graphite Co.,* 1 Ala. App. 656, 56 South. 17, and
in other cases referred to in the opinion in that case.
In that complaint there was no recognition of the con-
tinuing existence of the contract, nothing to indicate
that the plaintiff was limiting her claim to compensa-
tion for the failure of the principal in the bond to
support her and her child up to that time.—*Marx v.
Miller,* 134 Ala. 347, 32 South. 765. On the contrary,

its averments cannot well be understood as showing any-
thing short of a total breach of his obligation by the
principal in the bond, and that the plaintiff was avail-
ing herself of that breach as support for a claim of
full and final damages.—*Trustees of Howard College v.
Turner*, 71 Ala. 429, 46 Am. Rep. 326; *Mobile & Mont-
gomery Railway Co. v. Gilmer*, 85 Ala. 422, 437, 5
South. 138.

And we are of opinion that for such a breach of the
condition of the bond as was averred in the complaint in
the former suit damages because of the failure of the
principal in the bond to furnish the stipulated support
after the date of the judgment rendered in that suit
were recoverable in that action. The case of *Parker v.
Russell*, 133 Mass. 74, was an action to recover damages
for the breach of a contract to support the plaintiff dur-
ing his life. In the opinion in that case it was said:
"In an action for the breach of a contract to support the
plaintiff during his life, if the contract is regarded as
still subsisting, the damages are assessed up to the date
of the writ, and not up to the time when the verdict is
rendered. But if the breach has been such that the
plaintiff has the right to treat the contract as absolutely
and finally broken by the defendant, and he so elects to
treat it, the damages are assessed as of a total breach
of an entire contract. Such damages are not special
or prospective damages, but are the damages naturally
resulting from a total breach of the contract, and are
suffered when the contract is broken, and are assessed
as of that time. From the nature of the contract, they
include damages for not performing the contract in
the future, as well as in the past. The value of the
contract to the plaintiff at the time it is broken may be
somewhat indefinite, because the duration of the life of
the plaintiff is uncertain; but uncertainty in the dura-

tion of a life has not, since the adoption of life tables, been regarded as a reason why full relief in damages should not be offered for a failure to perform a contract which by its terms was to continue during life. When the defendant, for example, absolutely refuses to perform such a contract, after the time for entering upon the performance has begun, it would be a great hardship to compel the plaintiff to be ready, at all times during his life, to be supported by the defendant, if the defendant should at any time change his mind, and to hold that he must resort to successive actions from time to time to obtain his damages piecemeal, or else leave them to be recovered as an entirety by his personal representative after his death." These views have received the express approval of the Supreme Court of the United States in the opinion rendered in the case of *Pierce v. Tennessee Coal Co., et., R. Co.,* 173 U. S. 1, 11, 19 Sup. Ct. 335, 43 L. Ed. 591, on a somewhat similar state of facts. This latter case was referred to approvingly in the opinion rendered in the case of *Marx v. Miller, supra,* and the ruling in it is in line with that made in the case of *Trustees of Howard College v. Turner, supra,* and with the general trend of the authorities.—3 Paige on Contracts, § 1584.

In the case of *Trustees of Howard College v. Turner, supra,* a question was presented as to the damages recoverable for the breach of an agreement evidenced by a certificate of permanent scholarship issued by the defendant. The analogy between that case and such cases as the one above quoted from was distinctly recognized by the court. It was said in the opinion: "The gravamen of the averment is the refusal of the defendant to recognize the binding obligation of the contract for the sale of the 'scholarship.' This refusal the plaintiff was authorized to treat as a total breach, for which full or

[Mabry v. Bailey & Howard.]

final damages could be recovered.  A just analogy in principle is found in that class of contracts in which an obligor agrees to provide for and support an obligee during the latter's natural life.  A refusal to comply, at any given time, has been uniformly construed into an attempt on defendant's part to abrogate the whole agreement, which is a total breach."

From the conclusions that the claim asserted by the complaint in the former suit was broad enough to have comprehended the one sought to be maintained in the present action, and that damages because of the failure of the principal in the bond, after the date of the judgment in that suit, to provide the stipulated maintenance and support, were recoverable in that suit, it follows that that judgment, the result of a trial of the case had upon the merits, might well be pleaded as a bar to the plaintiff's right to maintain the claim asserted by her in the present suit, and that the demurrer to the plea above mentioned should have been overruled.

Reversed and remanded.