## McNEIL v. RITTER DENTAL MFG. CO.
### (6 Div. 360.)

(Supreme Court of Alabama. April 16, 1925.)

**1. Judgment ⬅601—Res judicata of all installments due under contract at time of suit.**

Although successive breaches of severable contract may be recovered for singly, under Code 1923, § 5721, all breaches occurring prior to commencement of action must be included therein, and judgment will be res judicata of all of them.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Judgment ⬤⇒713(2)—Judgment or decree is bar, when pleaded, to subsequent suits embracing same subject-matter and issues.**

Judgment or decree of court of competent jurisdiction is res judicata and a bar, when pleaded, to subsequent suits embracing same subject-matter, when issues in former suit were broad enough to comprehend everything involved in second suit which not only was actually litigated, but which might or ought to have been litigated in former.

**3. Evidence ⬤⇒332(1) — Exclusion of civil docket of case relied on as res judicata of present case held error.**

In action on promissory notes, exclusion from evidence of book or civil docket of case relied on as res judicata to show dates of former trial and judgment, and due dates of respective notes, *held* error.

**4. Evidence ⬤⇒158(6)—Testimony of defendant, as to what notes were due at time of former suit, not best evidence.**

In attempt, in action on promissory notes to show a former suit in bar, testimony of defendant as to what notes were due at time of former suit and judgment, *held* not best evidence, but should have been proved by book or civil docket of former case.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Suit on promissory notes by the Ritter Dental Manufacturing Company against E. W. McNeil. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Goodwyn & Ross, of Bessemer, for appellant.

Evidence showing the transaction involved was an entire contract, and that the notes sued on were due and payable at the time of bringing a former suit, was erroneously denied admission. Code 1907, § 2505; Code 1923, § 5721. The docket book, containing the former suit, should have been admitted. Callan v. Anderson, 131 Ala. 228, 31 So. 427; Mason v. Mason, 5 Ala. App. 377, 59 So. 699; House v. Donnelly, 7 Ala. App. 267, 61 So. 18; Codes, supra.

Mathews & Mathews, of Bessemer, for appellee.

Where separate notes are given, each default is a separable and disconnected cause of action. Herrin v. Buckelew, 37 Ala. 586; Ryall v. Prince, 82 Ala. 266, 2 So. 319; Gravette v. Allen Graphite Co., 1 Ala. App. 656, 56 So. 17.

THOMAS, J. [1] It is provided by statute that, if a contract be entire, but one suit can be maintained for the breach thereof; if severable, or if the breaches occur at successive periods in an entire contract (as installment payments), an action will lie for each breach; "but all the breaches occurring up to the commencement of the action must be included therein." Code 1907, § 2505; Code 1923, § 5721; Callan v. Anderson, 131 Ala. 228, 31 So. 427; House v. Donnelly, 7 Ala. App. 267, 61 So. 18; Mason v. Mason, 5 Ala. App. 377, 59 So. 699.

[2] In Callan v. Anderson, supra, an action on a promissory note, the judgment and pleadings in a former suit were in evidence as the legal method of showing such former suit, and the issues of law and of fact embraced therein. A judgment or decree of a court of competent jurisdiction is res adjudicata and a bar to the maintenance of a subsequent suit, when it is pleaded and ascertained that the subject-matter of said suit is the same embraced or presented under issues in the former suit broad enough to have comprehended all that is involved in the issues of the second suit—not what was actually litigated, but what might and ought to have been litigated in the former suit, is the test. Redd Bros. v. Todd, 209 Ala. 56, 95 So. 276; Steele v. Crute, 208 Ala. 2, 93 So. 694; Schillinger v. Leary, 201 Ala. 256, 77 So. 846; Terrell v. Nelson, 199 Ala. 436, 438, 74 So. 929; Hall & Farley v. A. T. & I. Co., 173 Ala. 398, 56 So. 235; Drinkard v. Oden, 150 Ala. 475, 43 So. 578; Hanchey v. Coskrey, 81 Ala. 149, 1 So. 259; Haas v. Taylor, 80 Ala. 459, 2 So. 633; Wood v. Wood, 134 Ala. 557, 33 So. 347; Gilbreath v. Jones, 66 Ala. 129; Tankersly v. Pettis, 71 Ala. 179; Chamberlain v. Gaillard, 26 Ala. 504; Mason v. Mason, 5 Ala. App. 377, 59 So. 699.

[3, 4] Appellee relies upon Herrin v. Buckelew, 37 Ala. 586; Ryall v. Prince, 82 Ala. 264, 2 So. 319; and Gravette v. Allen Graphite Co., 1 Ala. App. 656, 56 So. 17, as justifying the ruling excluding the record in the former suit, and in sustaining plaintiff's objection to the question propounded to defendant as a witness in his own behalf. The question to Dr. McNeil was:

"Now, at the time this suit was filed and•this judgment was rendered against you, Doctor, were these three notes that you are being sued on now due?"

The bill of exceptions then proceeds:

"Thereupon the, plaintiff objected to said question on the ground that it called for irrelevant, incompetent, illegal, and immaterial testimony. The court sustained said objection, and to this action of the court the defendant then and there, in open court, duly reserved an exception, stating that he offered to show by the witness that at the time this suit was filed that he is now being sued on that the notes were past due and were due at the time he was sued in the inferior court of Bessemer on the first three notes."

In Herrin v. Buckelew (1861) 37 Ala. 585, it was declared that the splitting up of a debt

in sums under $50 involved no fraud upon the jurisdiction of a justice of the peace; that the same thing may be done by the creditor "by his own separate act, bringing by a receipt a debt over $50 within the jurisdiction of a justice of the peace," and "by the concurrent act of the creditor or debtor, in dividing a debt into several debts, each for an amount under $50." The decision in Ryall v. Prince (1886), 82 Ala. 264, 2 So. 319, declared:

"The contract being to pay in annual installments, each default of payment was a separable and distinct demand, and the foundation of a distinct cause of action. It is only an indivisible and entire cause of action which cannot be split up or divided into several causes of action, so as to authorize a recovery for divided parts of it."

So, also, of Davis v. Preston, 6 Ala. 83.

The decision in Moore v. Johnston, 108 Ala. 325, 18 So. 825, was to the effect that the rule against splitting a cause of action did not obtain as to suits for breach of covenants of seizin, and that for covenant against incumbrances—for the reason that the two suits were not based on the same cause of action. This was the rule applied in Gravette v. Allen Graphite Co., supra, for separate breaches of contract; Strauss v. Meertief, 64 Ala. 299, 38 Am. Rep. 8, and Liddell v. Chidester (1887) 84 Ala. 508, 4 So. 426, 5 Am. St. Rep. 387, actions for breach of contract of employment where wages were due and demandable at the end of each month; Ebersole v. Daniel (1906) 146 Ala. 506, 40 So. 614, 119 Am. St. Rep. 52, assumpsit. The notes to the last-cited case contained in 119 Am. St. Rep. 52, 54, are to the effect that a judgment for a part of an entire demand is a conclusive bar to another suit for another part of the same demand. Alie v. Nadeau, 93 Me. 282, 44 A. 891, 74 Am. St. Rep. 346; Bullard v. Thorpe, 66 Vt. 599, 30 A. 36, 25 L. R. A. 605, 44 Am. St. Rep. 875, citing Liddell v. Chidester, 84 Ala. 508, 4 So. 426, 5 Am. St. Rep. 387.

In Jasper Mercantile Co. v. O'Rear, 112 Ala. 247, 20 So. 583, an action on account, the question was as to the consent of one partner to split the firm debt and bind the other partners; held, such could not be done. It was said the rule against splitting, for the protection of the debtor, may be waived by him. Such, in effect, was the decision in Herrin v. Buckelew, 37 Ala. 585, and K. C., M. & B. R. Co. v. Robertson, 109 Ala. 296, 19 So. 432.

We may observe that the foregoing decisions, and Liddell v. Chidester, 84 Ala. 508,[1] and Callan v. Anderson, 131 Ala. 228, 31 So. 427, were before this statute, section 2505 of the Code of 1907. In Liddell v. Chidester, 84 Ala. 508, 509, 4 So. 426, 427, 5 Am. St. Rep. 387, Mr. Chief Justice Stone made the proper

distinction as to suits for salary paid in gross or monthly, as follows:

"If the former [to be paid in gross] then the recovery and enforcement of the judgment for a part of the demand in June, 1886, is a complete defense and bar to this action, and nothing should be recovered. This, under the well-known principle, that a plaintiff cannot split up a single cause of action into two or more suits; and if he does so, and recovers a part of his demand, this is a waiver of and a bar to the residue of his claim, be it much or little. Oliver v. Holt, 11 Ala. 574; O'Neal v. Brown, 21 Ala. 482; Railroad Co. v. Henlein, 56 Ala. 368; Wharton v. King, 69 Ala. 365. If, on the other hand, the wages were due and demandable at the end of each month, then the recovery of one installment, unreversed, is a complete answer to, and preclusion of all defenses to the merits, which were, or could be pleaded to such second suit. Rake v. Pope, 7 Ala. 161; 3 Brick. Dig. p. 580, § 75 et seq.; Whart. Ev. § 758; Gardner v. Buckler, 3 Cow. 120."

This case has since been approved in McTighe & Co. v. McLane (1890) 93 Ala. 626, 11 So. 117, for work and labor; Moore v. Johnston (1895) 108 Ala. 324, 18 So. 825, breach of covenant in conveyance; K. C., M. & B. R. Co. v. Robertson (1895) 109 Ala. 296, 19 So. 432, which held a single claim for wages due and payable at one time cannot, without the consent of the debtor, be assigned to third parties so as to enable a split action against the debtor for the part so attempted to be assigned. Callan v. Anderson (1901) 131 Ala. 228, 31 So. 427; Am. Trust & Savings Bank v. O'Barr, 12 Ala. App. 546, 67 So. 794.

No doubt the uncertainty of the application of the rule against splitting causes of action induced the insertion in the Code of 1907 of section 2505.

After authentication or identification of same by the witness Ball, the excluding from the evidence of the book or civil docket of the indicated case (Book No. 13, case No. 29751, p. 1092) in the inferior court of Bessemer, was error. The dates of the former trial and judgment were shown by that book or docket, and the due dates of the respective notes are evidenced therein, in the absence of evidence of a change of due date by the parties. Had said last-named issues of fact been presented, the question sought to be propounded to Dr. McNeil would have been relevant. As it was, the records were the better evidence of the due days of the respective notes (Formby v. Williams, 203 Ala. 14, 19, 81 So. 682), and the judgment in the case in the docket in question was evidence of its own date.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

---

[1] 4 So. 426, 5 Am. St. Rep. 387.